### 65170. HAYNES v. HUFF et al.

McMURRAY, Presiding Judge.

This is an action for damages for wrongful death arising from a motor vehicle collision. On the night of March 9, 1978, Kenneth Haynes was killed in a three-vehicle collision. The vehicle operated by Kenneth Haynes was struck in the left rear corner by a vehicle driven by defendant Crystal Ruby Huff, knocking Kenneth Haynes' vehicle into the oncoming lane of traffic where it collided with another vehicle.

The plaintiff is the father of Kenneth Haynes. The plaintiff's complaint alleged negligence in the operation of the vehicle by defendant Huff and also named her mother as defendant under the family purpose vehicle doctrine.

Upon the trial of the case a verdict in favor of defendants was returned by the jury. After denial of his motion for new trial, plaintiff appealed.

Both of plaintiff's enumerations of error deal with the testimony given by a defense witness, a traffic investigator with the local police department. This officer testified as to his investigation of the wreck in question and was permitted to give expert opinion testimony evidence as to the cause of the wreck. *Held:*

Defendants relied upon evidence that the three-vehicle collision was precipitated by evasive action to avoid a "white car" which had pulled onto the highway in the path of the vehicles of the deceased and the defendant driver. Plaintiff asserted that there was no "white car" relying upon the testimony of witnesses present in the vicinity of the collision who did not see the "white car" or any other additional vehicle contributing to the cause of the collision.

The traffic investigator who was qualified as an expert was asked whether from his entire overall investigation (including

statement of witnesses made to him in the course of his investigation) did he have an opinion as to the cause of the collision. He stated his opinion which included the statement that: "Allegedly the white car came out, and I have no reason to doubt the witnesses because that's all I have to go by, came out of Days Inn south driveway and went north up the I-75 ramp." Plaintiff objected to the witness stating an opinion based exclusively on the hearsay testimony of others and moved for a mistrial, which was denied.

In *Redwing Carriers v. Knight,* 143 Ga. App. 668, 672 (6) (239 SE2d 686), this court affirmed where the trial "court ruled 'that this witness should base his expert opinion on his personal observations or on a hypothetical question which is based on other evidence already in evidence or evidence that you're going to put in' and not upon 'what someone else told him.' " We reconfirmed the rule that an opinion may not be based upon hearsay except in cases of recognized exceptions to the general rule such as where the testimony was as to value or mental condition.

In the case sub judice, the expert's opinion as to the cause of the wreck is clearly predicated upon hearsay statements made to him in the course of his investigation. We note that the hearsay statements in question were not part of the res gestae. The witness' opinion being predicated upon hearsay and not being within any exception to the general rule of exclusion of opinion testimony based on hearsay, it was inadmissible.

The trial court's error is not mitigated by the fact that the witness' testimony clearly shows his reliance upon the hearsay statements to him, nor by the fact that the witnesses to the wreck who made statements to him are presumably the same individuals who gave consistent testimony at trial. The form of the question and the resulting answer permitted him to invade the province of the jury by passing on the credibility of the witnesses. He was not testifying as to a hypothetical case, but "as if he were a juror instead of a witness." See in this regard *Flanagan v. State,* 106 Ga. 109, 113 (32 SE 80).

Defendants rely upon *Gulf Refining Co. v. Smith,* 164 Ga. 811 (4) (139 SE 716), for the proposition that an expert's opinion as to "value" may be based in part upon hearsay, and that when it is based thereon it goes to the weight and credibility of the testimony. This case however may be distinguished, along with several cited in *Redwing Carriers v. Knight,* 143 Ga. App. 668, 672 (6), supra, as involving testimony as to value.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED JANUARY 25, 1983.

194

*Charles M. Cork III, W. Carl Reynolds,* for appellant.
*Robert S. Slocumb,* for appellees.