A92A1071. WOOD v. BROWNING-FERRIS INDUSTRIES OF
GEORGIA, INC. et al.
(426 SE2d 186)

COOPER, Judge.

Appellant brought an action against appellees, McCombs Freight Line, Inc. ("McCombs") and Browning-Ferris Industries of Georgia, Inc. ("BFI"), for personal injuries he sustained in a rear-end collision. The collision occurred when a southbound truck owned by McCombs struck a BFI truck which was stopped at a red light. The impact from the McCombs truck knocked BFI's truck into the car in front of it, and that car then struck the rear of appellant's car which was also stopped at the red light. As a result of the accident, appellant suffered back and leg pain and required extensive medical treatment, including back surgery. Appellant's medical bills totalled $29,000, and his lost wages totalled $167,000. The jury returned a verdict in favor of appellant against only McCombs in the amount of $500,000 and appellant appeals.

1. Appellant first enumerates as error the trial court's charge to the jury on magnified damages. We agree with appellant that the giving of the charge was error. However, since the jury's verdict was more than twice the amount of appellant's special damages, we hold that the error was harmless. *Coker v. Casey*, 178 Ga. App. 682 (1) (344 SE2d 662) (1986); *Ammons v. Six Flags Over Ga.*, 172 Ga. App. 210 (2) (323 SE2d 2) (1984).

2. Appellant contends that the trial court erred in allowing appellees' medical expert to testify regarding appellant's medical condition based on x-rays which had not been admitted into evidence. The witness testified that he ordered certain diagnostic tests to be performed on appellant and that the x-rays in question were made under his supervision by a resident. "Generally, an expert cannot state his opinion based upon observations or reports which are not admitted in evidence. [Cits.] On the other hand, an expert can give an opinion based upon facts which he personally observes. [Cit.] And where an expert personally observes data collected by another, his opinion is not objectionable merely because it is based in part, upon the other's findings. [Cit.]" *Dual S. Enterprises v. Webb*, 138 Ga. App. 810, 813-814 (4) (227 SE2d 418) (1976). Furthermore, " '[i]t is incumbent upon the reviewing court to determine if the mistake was of sufficient magnitude to require a new trial. [Cit.]' [Cit.]" *Andrews v. Major*, 180 Ga. App. 393, 395 (2) (349 SE2d 225) (1986). Even if the admission of the testimony was error, it was harmless in light of the amount of medical evidence which was presented during the trial.

3. In three enumerations of error, appellant contends that the trial court erred in refusing to admit the following medical exhibits: (a) a drawing used by one of appellant's medical experts while testify-

ing, (b) a model of the back joints and disc articulation, and (c) a needle similar to the one used when appellant underwent the myelogram. Our review of the transcript reflects that each of the exhibits was merely illustrative. Also, the drawing and model were cumulative of the expert's testimony, and the needle was not the actual needle used on appellant. "[I]ssues concerning the admissibility of evidence are committed to the sound discretion of the trial court and the trial court's rulings will not be reversed absent an abuse of discretion. [Cit.]" *Nalley Motor Trucks v. Cochran*, 200 Ga. App. 487, 488 (408 SE2d 501) (1991). We find no abuse of discretion in the exclusion of the exhibits from the evidence to be considered by the jury.

4. In four enumerations of error, appellant argues that the trial court improperly restricted his counsel's closing argument. The transcript reflects that appellant's counsel attempted to interject into his closing argument matters related to inflation, the frailty of the bond market, his personal experience with a dentist's needle, and the possibility that appellant could become addicted to drugs due to all of the medication he currently takes. None of these arguments appellant's counsel sought to make was based on facts in the record or reasonable inferences to be drawn from the evidence, and we find no error with the trial court's refusal to allow the argument. See *Reid v. Odom*, 199 Ga. App. 146 (1) (404 SE2d 323) (1991).

5. In his final enumeration of error, appellant argues that the verdict was inadequate in light of the evidence. "'The question of damages is ordinarily one for the jury; and the court should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or so excessive as to be inconsistent with the preponderance of evidence in the case.' OCGA § 51-12-12." *Bales v. Shelton*, 197 Ga. App. 522 (1) (399 SE2d 78) (1990).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 13, 1992 —
RECONSIDERATION DENIED DECEMBER 14, 1992

*Nick Long & Associates, Nick Long, Jr., Roy S. Mullman, Davis, Gregory & Christy, Hardy Gregory, Jr.,* for appellant.

*Chamberlain, Hrdlicka, White, Johnson & Williams, Richard N. Hubert, Mark D. Oldenburg, Carter & Ansley, Ben Kingree III, David M. Atkinson,* for appellees.