A95A1797. SADEGHI v. SUAD, INC. et al.
(464 SE2d 234)

POPE, Presiding Judge.

On November 13, 1991, Sadeghi injured his back while working for Suad, Inc. From that date until December 17, 1992, he received temporary total disability benefits. On December 17, 1992, Sadeghi returned to light-duty work with a different employer, Crystal Art Lighting. He stopped working for Crystal, however, on October 14, 1993. Asserting that he was unable to find other suitable employment because of his injury, Sadeghi then filed a claim seeking recommencement of temporary total disability benefits based on a change in condition. Alternatively, he asked for permanent partial disability benefits. An administrative law judge denied Sadeghi's claim for recommencement of temporary benefits, but awarded him permanent partial disability benefits. We granted Sadeghi's application for discretionary appeal after the Board of Workers' Compensation adopted

the ALJ's findings and award, and the superior court affirmed the Board's decision.

In cases like this, the claimant has the burden of demonstrating that his inability to obtain full-time employment was proximately caused by his compensable injury. See *Brown v. Ga. Power Co.*, 181 Ga. App. 500, 501 (1) (352 SE2d 818) (1987). In an attempt to meet this burden, Sadeghi testified that he had looked for light-duty work at over 100 places, including Suad; had told prospective employers about his injury; and had not been hired by any of these employers. Relying on *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) (1991), the ALJ found that Sadeghi failed to meet his burden in light of the fact that he had presented no evidence as to why any prospective employers, with the exception of Suad, had not hired him. In affirming the Board's adoption of the ALJ's findings and decision, the superior court also relied on *Aden's*. Because of this, we are compelled to reverse the superior court's decision based on the recent holding in *Maloney v. Gordon County Farms*, 265 Ga. 825 (462 SE2d 606) (1995). There, the Supreme Court overruled *Aden's* and all other cases which imposed a burden on claimants in cases like this to prove the reasons why prospective employers failed to hire them.

Although the superior court also affirmed the Board's decision on the ground that Sadeghi failed to demonstrate that the work he had looked for was suitable, we note that the ALJ and Board did not address this issue. Moreover, we note that there is some record evidence that Sadeghi attempted to locate suitable (i.e., light-duty) employment. Consequently, because any determination on this issue is best left to the factfinder in the case, we remand the case to the superior court with the instruction that the case further be remanded to the Board and then to the ALJ for a new hearing regarding Sadeghi's entitlement to the recommencement of temporary total disability benefits. The hearing should be consistent with this opinion and the holding in *Maloney*.

*Judgment reversed and remanded. Beasley, C. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 16, 1995.

*Clements, Clark & Sweet, John F. Sweet*, for appellant.
*Jerome J. Stenger*, for appellees.