A96A0961. McEVER v. WORRELL ENTERPRISES et al.
(478 SE2d 445)

RUFFIN, Judge.

We granted Michele McEver's application for discretionary appeal in this workers' compensation case instituted by her for a recommencement of disability income benefits based on a change in condition. McEver appeals from the superior court order affirming the appellate division's award, which reversed the award of temporary total disability benefits. The questions are whether the superior court erred as a matter of law in interpreting and applying the burden of proof and whether testimony of the vocational rehabilitation supplier was admissible to meet McEver's burden of proof. For reasons which follow, we affirm.

The record shows that on June 9, 1993, McEver suffered a compensable injury to her left hand, right leg, back, and head during a work-related automobile wreck. On July 19, 1993, Dr. Vodas returned McEver to full-time work with restrictions. McEver was terminated on August 12, 1993 for reasons unrelated to her injury. On March 4, 1994, Dr. Vodas released McEver from his care with no permanent disability rating.

At her hearing before the Administrative Law Judge ("ALJ"), McEver testified that none of her prospective employers failed to hire her because of her alleged restrictions. Clem Boatright, a vocational rehabilitation supplier retained for the purpose of testifying at the

hearing on behalf of McEver, stated that he believed two of the prospective employers he contacted did not hire McEver because of her limitations. His opinion was based strictly on his telephone conversations with prospective employers, and he testified repeatedly regarding what he was told by these prospective employers. Moreover, Boatright admitted that neither of these employers said that McEver's injury would preclude her from being hired.

The ALJ found that McEver's efforts to obtain suitable alternative employment were unsuccessful because of the ongoing effects of her compensable injuries. This finding was based solely on Boatright's expert testimony. The appellate division vacated the ALJ's award, concluding the expert opinion testimony of Boatright was inadmissible because it was based solely on inadmissible hearsay. The appellate division noted that "Mr. Boatright based his opinion that appellant would not be hired by two prospective employers solely on what those two employers told him on the telephone in response to a phone inquiry." On appeal, the superior court affirmed the award of the appellate division, holding that "[t]o allow expert opinion testimony under the circumstances found in this case would allow experts to opine as to why a person did not do something they were never asked to do or given the opportunity to do or not do." We agree and affirm the superior court's order.

1. In her first enumeration of error, McEver asserts the superior court erred as a matter of law in applying the burden of proof set forth in *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) (1991), which was expressly overruled in *Maloney v. Gordon County Farms*, 265 Ga. 825 (462 SE2d 606) (1995). Although *Maloney* overruled *Aden's Minit Market* to the extent that it imposed an additional burden on the employee to prove the reasons why she was not hired by a prospective employer, *Maloney* still noted that in order to receive workers' compensation benefits based on a change in condition, "a claimant must establish by a preponderance of the evidence that he or she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical limitations attributable to that injury; and has made a diligent, but unsuccessful effort to secure suitable employment following termination." *Maloney*, supra at 828. *Maloney* confirmed the rule in *Hartford Accident &c. Co. v. Bristol*, 242 Ga. 287 (248 SE2d 661) (1978), requiring the claimant to show that her inability to secure suitable employment elsewhere was proximately caused by her previous accidental injury. *Harrell v. City of Albany Police Dept.*, 219 Ga. App. 810 (466 SE2d 682) (1996).

In the present case, the ALJ awarded McEver temporary total disability benefits, finding McEver met her burden of proof under *Aden's Minit Market*, notwithstanding the fact that the ALJ specifi-

cally refused to consider as inadmissible hearsay McEver's and Boatright's testimony regarding reasons cited by potential employers for refusing to hire her. The ALJ's decision was based strictly on Boatright's expert testimony regarding why McEver's efforts to return to work were unsuccessful. The appellate division vacated the ALJ's award because this expert testimony was based solely on inadmissible hearsay and because Boatright's testimony was the only evidence supporting the ALJ's findings.

It is clear from the ALJ's award, as well as the appellate division's award and the superior court's order, that the proper burden of proof was employed in this case, notwithstanding the ALJ's reference to *Aden's Minit Market*. Contrary to McEver's contention, *Maloney* does not completely eliminate the proximate cause element from the claimant's burden of proof. The claimant simply is no longer required to produce direct evidence of proximate cause. Once the claimant shows that she has made diligent but unsuccessful efforts to obtain suitable employment, the factfinder may, *in its discretion*, infer from the evidence that the claimant's disability is the proximate cause of her unemployment. However, *Maloney* does not require the factfinder to draw this inference, and it is not an abuse of discretion for it to make an alternative inference. That is, the factfinder could properly infer that the claimant's continuing unemployment was due to a number of reasons other than her disability. Thus, it is not necessarily sufficient for the claimant simply to show that she has unsuccessfully sought employment.

In the present case, neither the ALJ nor the appellate division chose to infer from McEver's own testimony that her disability proximately caused her inability to obtain employment. The ALJ did not draw this inference from McEver's testimony, indicating that its finding regarding proximate cause was based solely upon the testimony of the expert witness. Similarly, in reversing the award of the ALJ, the appellate division implicitly rejected this inference, concluding that "the testimony of Mr. Boatwright is the only evidence in the record which supports the Findings of Fact of the administrative law judge. . . ." The superior court then affirmed the appellate division's findings, concluding that McEver's own testimony discounted the *Maloney* inference when she "admitted that none of these employers denied her employment because of her work related injury." While there may be credible evidence within the record upon which the ALJ or the appellate division reasonably could have drawn this inference, we are unable to find error in their failure to do so. Thus, we cannot conclude that the superior court erred in affirming the award of the appellate division.

2. In her second enumeration of error, McEver contends the appellate division and superior court erred by finding that Boat-

right's expert testimony was based entirely on hearsay and was, therefore, inadmissible. We disagree.

A similar issue was recently addressed by this Court in *Gordon County Farm v. Maloney*, 214 Ga. App. 253 (447 SE2d 623) (1994), rev'd on other grounds, 265 Ga. 825 (462 SE2d 606) (1995). While the Supreme Court reversed that case based on the employee's burden of proof as established by *Aden's Minit Market*, the Court did not alter this court's analysis of and ruling on the claimant's inadmissible hearsay testimony. In *Gordon County Farm*, we held the claimant's testimony that the manager of a restaurant where she applied for a job would not hire her because she was on workers' compensation was admitted to prove the truth of the potential employer's statements and was inadmissible hearsay. Id. at 255.

While an expert may partially base his opinions on hearsay, an expert opinion may not be based exclusively upon hearsay unless it falls within one of the recognized exceptions to the general rule. See *Cincinnati Ins. Co. v. Reybitz*, 205 Ga. App. 174, 180-181 (2) (421 SE2d 767) (1992); *Haynes v. Huff*, 165 Ga. App. 192, 193 (299 SE2d 902) (1983). Boatright's testimony in the present case does not fall under any of these exceptions. During the hearing, Boatright testified that he based his opinion on "[t]he responses of these employers." Moreover, Boatright admitted these two potential employers never actually refused to hire McEver. Thus, even if Boatright's testimony was admissible, it would be insufficient to carry McEver's burden of proof under *Maloney*.

The cases cited by the ALJ in support of his reliance on Boatright's expert opinion deal with instances where the expert's opinion is based only *in part* on hearsay, is based on personal knowledge and observations, or is based on facts as proved by other witnesses. See *King v. Browning*, 246 Ga. 46 (1) (268 SE2d 653) (1980) (surveyor opinion based on facts as proved by other witnesses); *Cheek v. Wainwright*, 246 Ga. 171 (3) (269 SE2d 443) (1980) (surveyor opinion, citing above case); *Wood v. Browning-Ferris Indus. of Ga.*, 206 Ga. App. 707 (2) (426 SE2d 186) (1992) (medical expert opinion based on X-rays taken by another under his supervision and personally observed by him); *Doctors Hosp. of Augusta v. Bonner*, 195 Ga. App. 152 (3) (392 SE2d 897) (1990) (physician opinion either not based on hearsay or only based in part on hearsay); *Blackburn v. State*, 180 Ga. App. 436 (3) (349 SE2d 286) (1986) (opinion based only in part on hearsay); *Avant Trucking Co. v. Stallion*, 159 Ga. App. 198 (1) (283 SE2d 7) (1981) (opinion testimony of police officer who testified as lay witness and based opinion on hearsay held inadmissible); *Sunset Villa v. Mothner-Simowitz Ins. Agency*, 142 Ga. App. 424 (236 SE2d 156) (1977) (insurance agents testified based on personal knowledge of insurance business and insurance carrier at issue).

In the present case, Boatright's opinions were not based on personal knowledge or observations and were not based on facts as proved by other witnesses. Rather, his opinions were based solely on hearsay statements from his telephone conversations with prospective employers who did not testify at the hearing. Based on the facts in the record, we cannot conclude that the appellate division or the superior court erred in refusing to consider Boatright's testimony regarding the causal connection between McEver's inability to obtain suitable employment elsewhere and her previous accidental injury.

*Judgment affirmed. Birdsong, P. J., Andrews, Johnson and Smith, JJ., concur. Beasley, C. J., McMurray, P. J., Pope, P. J., and Blackburn, J., dissent.*

BEASLEY, Chief Judge, dissenting.

This case, which is now on its third level of appeal, must be reversed. On the first level of appeal, to the Appellate Division of the Board of Workers' Compensation, the board was required to consider the case in accordance with OCGA § 34-9-103, as amended effective July 1, 1994. Subsection (a) provides in part: "The findings of fact made by the administrative law judge in the trial division shall be accepted by the appellate division where such findings are supported by a preponderance of the competent and credible evidence contained within the records." See *Clinical Arts v. Smith*, 218 Ga. App. 681, 682 (462 SE2d 757) (1995).[1] There are two issues here: burden of proof and competent evidence.

This is an economic change in condition case under OCGA § 34-9-104, involving an alleged change in the claimant's wage-earning capacity after a non-work-related termination. Consequently, "claimant must establish by a preponderance of the evidence that . . . she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical limitations attributable to that injury; and has made a diligent, but unsuccessful effort to secure suitable employment following termination." *Maloney v. Gordon County Farms*, 265 Ga. 825, 828 (462 SE2d 606) (1995), reiterating the holding in *Hartford Accident &c. Co. v. Bristol*, 242 Ga. 287 (248 SE2d 661) (1978). The claimant has the burden of establishing these facts because "the dispositive issue [is] whether an employee sustained a loss of earning capacity as a result of a compensable work-related injury," i.e., proximate cause. *Maloney*, supra at 827.

To meet this burden, the claimant need not show the *reasons* prospective employers did not hire her. As the Supreme Court recognized, that is often an impossible burden requiring evidence of

---

[1] The majority opinion's reference to inference drawing by the appellate division of the board is misleading, as the appellate division is not a factfinder in a de novo sense.

motive and state of mind of the employer. Id. at 828. Instead, the ALJ could draw reasonable inferences, from what the claimant was required to prove and all the attendant circumstances, that the claimant was not hired because of the continuing disability. Thus the element of proximate cause can be proved inferentially, and the claimant's burden is satisfied by showing the facts from which that inference can reasonably be drawn.

The vocational rehabilitation specialist, who assisted claimant in trying to obtain a job, gave his "expert opinion" that the reason the job search was not fruitful was the claimant's injured hand. He was accepted by the ALJ as "an expert in rehabilitation counseling." He contacted six employers he believed had jobs suitable to the claimant's condition and skills.

The ALJ depended on this opinion in finding proximate cause. But that opinion was not needed; even if such a specialist is qualified as an expert, he is no better equipped to discern what prospective employers' motives and states of mind are than is the factfinder who can draw reasonable inferences from the evidence of repeated turndowns by employers who are made aware of the disabilities.

This is even clearer in the circumstances of this case, where the specialist's opinion was based not on visits with employers but on mere telephone conversations with two of them, and claimant never even made application to either one. This basis was nothing more than extrapolated hearsay and was not within the rule of OCGA § 24-9-67. The ALJ recognized this and did not consider it. Whether or not such evidence is admissible hearsay is irrelevant, as it was offered to directly prove a fact which *Maloney* confirms is not required in order for the claimant to meet her burden.

The ALJ based his finding of proximate cause in part on the specialist's opinion as to why the job search failed, acknowledging that the opinion was based "in part" on hearsay. The other "part" was the specialist's testimony that rehabilitation suppliers such as he routinely rely on such input from employers. The board concluded that the opinion was based entirely on hearsay so that the opinion was inadmissible altogether. An expert's opinion based on information derived from private conversations with third parties is inadmissible. *Moore v. State*, 221 Ga. 636, 643 (5) (146 SE2d 895) (1966).

Whether wholly or partly founded on hearsay, the opinion is inadmissible because it usurps the province of the factfinder; the Supreme Court concluded in *Maloney* that the factfinder could draw the reasons for the turndowns from the details of the search for employment itself together with the fact that it was unsuccessful. *Maloney*, supra at 828. Although expert opinion is admissible under OCGA § 24-9-67, it is to be received only where helpful or necessary. *Jones v. State*, 232 Ga. 762, 764 (2) (208 SE2d 850) (1974). Although

it might be argued that the specialist's opinion could be helpful to the factfinder in this case, it certainly was not necessary because the Supreme Court has ruled that the fact is discernible by inferences drawn by the factfinder. But the specialist's opinion is inadmissible for the reason that, as stated in *Jones*, supra, "[a]s a general rule the witness is not allowed to express on the stand an opinion of ultimate fact or the very fact to be decided by the [factfinder] because to do so would invade the province of the jury." The ALJ, not the expert, was to decide whether the injury was the proximate cause of claimant's inability to find suitable employment. See, e.g., *Orkin Exterminating Co. v. McIntosh*, 215 Ga. App. 587, 592 (4) (452 SE2d 159) (1994).

The factfinder did not have the benefit of *Maloney* in his analysis of the evidence and the fashioning of an award. Neither did the appellate division, as its decision was April 28, 1995, and *Maloney* was decided on October 16, 1995. Likewise, the superior court's judgment of October 10 was reached before *Maloney*.

The material misconception of the law which affected every level of consideration of this case requires that it be reversed and returned to the ALJ for application of the correct legal principles as to evidence and burden of proof.

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent from the judgment affirming the denial of Michele McEver's claim for renewed disability income benefits, as my review of the record reveals ample competent evidence to support the award for a change in economic condition as made by the administrative law judge. A claimant may satisfy the implicit proximate cause element of present-day OCGA § 34-9-104 (a) "by showing that she labored under a continuing disability and that she made a diligent but unsuccessful search for subsequent suitable employment." *Maloney v. Gordon County Farms*, 265 Ga. 825, 827 (462 SE2d 606). This showing does not require expert testimony. The salient evidence here is undisputed: prospective employers were informed of claimant's diminished abilities owing to a compensable event and she was never extended an offer of employment. "The proffered evidence and reasonable inferences drawn therefrom [would] support [an award for change of condition]." *Maloney v. Gordon County Farms*, 265 Ga. 825, 829, supra. In my view, the appellate division and the superior court erred in ignoring claimant's *own testimony* that she diligently but unsuccessfully sought suitable employment, after termination for cause unrelated to her previous compensable injury. The appellate division and the superior court erroneously analyzed this claim as if the testimony of Clem Boatright, a vocation rehabilitation expert, was the only competent evidence to establish a change of condition. That is an erroneous theory of law which requires reversal. In my

view, the judgment of the superior court should be reversed and the case remanded to the appellate division for further proceedings which *expressly* incorporate the proper evidentiary test for a compensable change in condition as recently enunciated by the Supreme Court of Georgia. See, e.g., *Sadeghi v. Suad, Inc.*, 219 Ga. App. 92, 93 (464 SE2d 234). As my colleagues in the majority would nevertheless affirm, despite the application of an erroneous legal theory by the appellate division and the superior court, I respectfully dissent.

I am authorized to state that Presiding Judge Pope and Judge Blackburn join in this dissent.

POPE, Presiding Judge, dissenting.

I join in Presiding Judge McMurray's dissent. I write separately to emphasize the Supreme Court's explicit holding in *Maloney*: if a claimant suffers physical limitations from a prior compensable injury and diligently but unsuccessfully seeks suitable employment, *it may be inferred* that the continuing disability proximately caused the inability to obtain suitable employment. *Maloney v. Gordon County Farms*, 265 Ga. 825, 828 (462 SE2d 606) (1995). There is no further burden on the claimant to show why he was not hired by prospective employers. Id.

Thus, the expert testimony based totally on hearsay was not crucial to a finding of proximate cause in this case. Because the ALJ clearly relied on this inadmissible testimony in finding proximate cause, the Board was not wrong in rejecting his finding; but because there is other evidence from which proximate cause could be inferred under *Maloney*, the case should be remanded as Presiding Judge McMurray suggests.

The majority points out that under *Maloney*, the claimant's diligent but unsuccessful search is *sufficient* to support a finding of proximate cause, but does not *mandate* such a determination. Clearly this is correct, and the factfinder's decision on whether or not to infer proximate cause from the claimant's showing should be respected. It is equally clear, however, that in this case the factfinder/ALJ never made a decision on this question, since at the time the ALJ issued his order (and at the time the appellate division concluded there was no other evidence supporting the ALJ's award), *Aden's Minit Market v. Landon,* 202 Ga. App. 219 (413 SE2d 738) (1991) had not been overruled and the claimant's diligent but unsuccessful search was insufficient to support a finding of proximate cause as a matter of law.

I am authorized to state that Presiding Judge McMurray and Judge Blackburn join in this dissent.

*Mundy & Gammage, Kelly B. Gammage*, for appellant.
*Savell & Williams, Carrie L. Christie, Mark S. Gannon*, for appellees.