A04A1136. WELLS FARGO HOME MORTGAGE, INC. v. COOK.

(599 SE2d 319)

ELDRIDGE, Judge.

Robert A. Cook sued Wells Fargo Home Mortgage, Inc. for breach of contract, conversion, wrongful foreclosure, and libel. After service, Wells Fargo went into default and had a default judgment entered against it. After notice to Wells Fargo and without it present, on February 3, 2003, the trial court held a hearing on the liquidated damages and awarded $6,933.99 in special damages. Subsequently, after notice and in the absence of Wells Fargo, a jury trial was held on the unliquidated damages in the action for wrongful foreclosure and libel, and the jury returned $125,000 in general damages; on May 13, 2003, judgment was entered. No trial transcript was either ordered or made. After Wells Fargo received notice of the entry of judgment, on June 20, 2003, it moved for a new trial on damages. On September 15, 2003, after a hearing, the motion for new trial was denied. On October 15, 2003, Wells Fargo filed its notice of appeal to the entry of judgment, requesting the entire record. Since there was no trial transcript, we affirm, because there is nothing to review on the incomplete record of the proceedings and trial.

1. Wells Fargo's first enumeration of error is that the jury verdict was excessive.

Unless it is clear from the trial transcript that the verdict of the jury was prejudiced or biased, the appellate court lacks the power to consider the verdict as excessive when the trial court with its broad discretionary power after hearing the evidence and observing the witnesses denied a motion to set aside the verdict and for a new trial on such grounds. *Smith v. Milikin*, 247 Ga. 369, 372 (3) (276 SE2d 35) (1981). Where there is no direct proof of prejudice or bias on the part of the jury, the appellate court can set aside the verdict as excessive

only when the amount, considered in connection with all the facts in evidence at trial, shakes the moral senses, i.e., the verdict must carry its death warrant on the verdict's face; however, such issues must be determined from the trial transcript. OCGA § 51-12-12; *Reliance Ins. Co. v. Bridges*, 168 Ga. App. 874, 888-890 (16) (311 SE2d 193) (1983). Where the verdict was within the range of trial testimony evidenced by the transcript, it will not be disturbed on appeal. *C & S Nat. Bank v. Haskins*, 254 Ga. 131, 136 (1) (327 SE2d 192) (1985). Questions of damages are ordinarily for the jury; the appellate court should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence, which must be determined from the trial transcript. *Wood v. Browning-Ferris Indus. of Ga.*, 206 Ga. App. 707, 708 (5) (426 SE2d 186) (1992). Such issues cannot be determined absent a trial transcript from which all the evidence may be evaluated in light of the verdict; the cryptic statements in the amended judgment are inadequate to serve as a transcript of the trial proceedings or to apprise this Court as to the evidence presented and as to the issues tried. Further, Wells Fargo made no attempt to have the trial court make a transcript or a reconstructed transcript of the proceedings approved by the trial judge; therefore, we must assume that the judgment was correct and supported by the evidence. OCGA § 5-6-41 (g), (i); *Moss v. Flav-O-Rich*, 231 Ga. App. 288 (498 SE2d 361) (1998).

In the absence of a trial transcript, there is nothing to review, and we cannot determine if the verdict is excessive, because the trial record does not provide a complete record of what transpired in the trial of the case. *Garrett v. McDowell*, 242 Ga. App. 78-79 (1) (527 SE2d 918) (2000). Where the record did not contain a transcript of evidence adduced upon trial, questions of whether or not there was any merit in the enumeration of error could not be determined, so the judgment must be affirmed. *Lankford v. Lankford*, 225 Ga. 147 (166 SE2d 354) (1969). Where all of the evidence is not before the appellate court in a transcript of the evidence, the judgment is assumed to be correct. *Forio v. Forio*, 217 Ga. 813, 814 (2) (125 SE2d 486) (1962).

2. Wells Fargo contends that the award of attorney fees was improper.

In the absence of a trial transcript, whether or not the award of attorney fees was improper cannot be determined, because the judgment does not indicate that such damages were awarded or what evidence was considered. Further, neither the judgment nor the amended judgment indicates that attorney fees were awarded as part of the general verdict. Division 1 controls this division.

3. Wells Fargo contends that the trial court impermissibly allowed the addition of Ms. Sharon Cook and Mr. James Cook as parties to this case without notice to Wells Fargo in contravention of OCGA § 9-11-5.

Neither the pleadings nor the judgment indicates that either Ms. Sharon Cook or Mr. James Cook were ever made parties to this action and received an award from the jury. There is no trial transcript to indicate what Ms. Cook testified about; the reference in the judgment to Ms. Cook's testimony is too fragmented and too inadequate for review by this Court. Wells Fargo seeks to speculate as to what transpired at the trial, which it did not attend and from which no transcript was made or reconstructed of the evidence. Division 1 controls this division.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MAY 11, 2004.

*Baker, Donelson, Bearman & Caldwell, Michael J. Powell*, for appellant.
*Sidney L. Storesund*, for appellee.