**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 18, 2013**

# In the Court of Appeals of Georgia

A13A1135. WEEKS v. WEEKS.

MILLER, Judge.

Michelle Weeks (the mother) appeals from the trial court's order of December 4, 2012, holding her in contempt of the trial court's order of November 8, 2010 setting out the custody and visitation provisions for her son, C. J. W.

"[A] trial court has broad discretion to determine if a party is in contempt of its order, and the exercise of that discretion will not be reversed on appeal unless grossly abused." (Citation omitted.) *Hunter v. Hunter*, 289 Ga. 9, 11 (4) (709 SE2d 263) (2011).

Michelle Weeks and Clark Weeks (the father) were divorced by final judgment and decree on January 24, 2008. They were granted joint legal custody of their son, C. J. W., born July 25, 2005, with the mother maintaining physical custody. At the

time of the divorce, the mother was living in Colorado. A visitation schedule was established, providing for C. J. W.'s visitation in Atlanta with the father on a regular monthly schedule. By order of October 10, 2008, the mother was held in contempt of the January 24, 2008 divorce decree for failing to allow the father's visitation with C. J. W., and she was ordered to pay the father's attorney fees.[1]

On January 25, 2010, the father filed a Petition for Modification of Custody and Child Support. By order of June 9, 2010, in connection with the father's fifth post divorce action against the mother for contempt, the trial court again found the mother in contempt for failing to allow the father's visitation with C. J. W. since January 2010. Further, in that order, the trial court awarded temporary sole physical custody of C. J. W. to the father. Following receipt of the report from the guardian ad litem in this case, the trial court subsequently modified its June 9, 2010 order by rescinding that portion which granted temporary custody to the father and reinstating custody in the mother. Nonetheless, the trial court again found the mother in contempt for failing to deliver C. J. W. to the physical custody of the father, as ordered on June 9, 2010. Accordingly, the trial court ordered the mother jailed until receipt of an affidavit guaranteeing supervised visitation by the father with the child.

---

[1] She was also ordered incarcerated for 30 days or to seek counseling.

By Final Order of November 8, 2010, the trial court, having considered the report of the guardian ad litem and the evidence presented by the parties, found that continued custody by the mother was in the child's best interest and ordered visitation by the father in Colorado, supervised by services approved by Colorado courts. That order was not appealed.

On August 2, 2012, the father filed the application for contempt citation which is at issue in this case. In December 2012, the trial court again found the mother in contempt of the November 8, 2010 order for denying the father his visitation in August, October, and November 2012 and for blocking regular telephone visitation by the father with C. J. W. The trial court found that requiring supervised visitation was hampering the father's relationship with C. J. W. and modified the Parenting Plan by deleting the requirement of supervision. The trial court also ordered the mother to pay the father's attorney fees and to reimburse him for his August travel expenses to Colorado. Finally, the trial court also scheduled a compliance hearing for January 31, 2013, "[b]ecause there have been such extensive problems with compliance with the Court's orders in the past."

The mother filed her notice of appeal from the December 4, 2012 contempt order prior to the compliance hearing. After the compliance hearing, the trial court entered an order changing physical custody to the father.

1. In her first enumeration, the mother argues that it was error for the trial court to change custody from her to the father following the January 31, 2013 compliance hearing.

The March 20, 2013 order following the January 31, 2013 compliance hearing was entered subsequent to the mother's notice of appeal, which was filed on December 4, 2012. Therefore, the March 20, 2013 order cannot be enumerated as error in this appeal. *Bloomfield v. Bloomfield*, 282 Ga. 108, 112 (5) (646 SE2d 207) (2007); *Long v. Long*, 303 Ga. App. 215, 217 fn. 2 (692 SE2d 811) (2010).

2. The mother contends that the trial court erred in changing visitation from supervised in Colorado to unsupervised in Georgia because she was not put on notice of the relief sought and the trial court was not authorized to make that change in a contempt hearing when there was insufficient evidence to support it. We disagree.

As acknowledged by the mother, "[u]nder OCGA § 19-9-3 (b), the trial court is expressly authorized to modify visitation rights, on the motion of any party or on the motion of the judge, during a contempt proceeding." (Citation omitted.) *Cross v.*

4

*Ivester*, 315 Ga. App. 760, 766 (2) (728 SE2d 299) (2012). "Although *custody* may not be changed in a contempt proceeding, we have long held that [OCGA § 19-9-3 (b)] allows modification of *visitation* rights, even on the court's own motion." (Citations omitted; emphasis in original.) *Horn v. Shepard*, 292 Ga. 14, 18-19 (6) (732 SE2d 427) (2012).

Regarding her claim that she was entitled to notice and time to prepare an adequate response, such is not required by OCGA § 19-9-3 (b),[2] and the mother cites no authority providing otherwise. *Cross*, supra, 315 Ga. App. at 767 (2) (i).

---

[2] OCGA § 19-9-3 (b) provides that "[i]n any case in which a judgment awarding the custody of a child has been entered, on the motion of any party or on the motion of the judge, that portion of the judgment effecting visitation rights between the parties and their child or parenting time may be subject to review and modification or alteration without the necessity of any showing of a change in any material conditions and circumstances of either party or the child, provided that the review and modification or alteration shall not be had more often than once in each two-year period following the date of entry of the judgment. However, this subsection shall not limit or restrict the power of the judge to enter a judgment relating to the custody of a child in any new proceeding based upon a showing of a change in any material conditions or circumstances of a party or the child. A military parent's absences caused by the performance of his or her deployments, or the potential for future deployments, shall not be the sole factor considered in supporting a claim of any change in material conditions or circumstances of either party or the child; provided, however, that the court may consider evidence of the effect of a deployment in assessing a claim of any change in material conditions or circumstances of either party or the child."

5

As set out above, there was more than sufficient evidence to indicate that the mother was refusing to allow visitation, even supervised, as provided in the trial court's previous orders and that there was adequate reason to change the conditions of visitation. *Gildar v. Gildar*, 309 Ga. App. 730, 731-732 (710 SE2d 913) (2011) (upon hearing evidence on mother's petition for contempt against father, trial court denied petition, but changed conditions of mother's visitation from supervised to unsupervised).

3. The mother contends that it was error to award attorney fees when there was no evidence of the fees incurred or the reasonableness of the amount charged. We are constrained to agree.

OCGA § 19-6-2 (a) provides that attorney fees in a contempt of court action arising from child custody and visitation rights provisions of a divorce decree are "[w]ithin the sound discretion of the court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party[.]"

"We have held that a trial court may award or decline to award attorney fees sought under OCGA § 19-6-2 (a)(1) based on evidence of the financial circumstances of the parties presented at trial and based on the judge's ability to place a value on the

6

legal service rendered by an attorney. . . ." (Citations and punctuation omitted.) *Horn*, supra, 292 Ga. at 19 (9). See also *Johnson v. Johnson*, 284 Ga. 366, 368 (3) (667 SE2d 350) (2008); *In re Serpentfoot*, 285 Ga. App. 325, 329 (4) (646 SE2d 267) (2007).

In its order of December 4, 2012, the trial court ordered the mother to pay the father's attorney fees of $3,000. During the hearing, the father's attorney stated that "what we're asking for . . . [is] $5,000 in attorney fees . . . ." There is nothing else in the record or transcript regarding how these fees were calculated. Because the trial court's judgment does not specify the statutory basis for the fees and there was no testimony regarding the reasonableness of the fees, the fee award must be vacated. *In re Serpentfoot*, supra, 285 Ga. App. at 329 (4).

Therefore, we vacate that portion of the judgment awarding the father $3,000 in attorney fees and remand the case to the trial court to hold an evidentiary hearing on the amount of the fees, followed by the entry of a judgment in accordance with this opinion.

4. Finally, the mother appeals the trial court's denial of her request for supersedeas pursuant to OCGA § 5-6-13 (a).

OCGA § 5-6-13 (a) states that "[a] judge of any trial court or tribunal having the power to adjudge and punish for contempt shall grant to any person convicted of or adjudged to be in contempt of court a supersedeas upon application . . . , where the person also submits, . . . written notice that he intends to *seek review of the conviction or adjudication of contempt.*" (Emphasis supplied.)

Following the trial court's entry of its order of December 4th, the mother filed her request pursuant to OCGA § 5-6-13 (a), which the trial court denied by its order of December 19, 2012. The trial court found that "removing of the visitation provision [regarding supervision] was a child custody issue." The trial court denied the request pursuant to OCGA § 5-6-34 (e).[3] Thereafter, the mother filed an emergency motion for supersedeas in this Court pursuant to Court of Appeals Rule 40 (b), which was also denied.

---

[3] OCGA § 5-6-34 (a) (11), effective January 1, 2008, provides that "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgments or orders" are directly appealable. Subsection (e) provides that "[w]here an appeal is taken pursuant to this Code section for a judgment or order granting nonmonetary relief in a child custody case, such judgment or order shall stand until reversed or modified by the reviewing court unless the trial court states otherwise in its judgment."

In this case, despite the language of the mother's request for supersedeas, she appeals only the trial court's remedy, not its finding of contempt. Since the mother is not challenging the finding of contempt, her challenge to the denial of supersedeas is rendered moot.[4]

*Judgment affirmed in part, vacated in part, and case remanded. Barnes, P. J., and Ray, J., concur.*

---

[4] "A case is moot when its resolution would amount to the determination of an abstract question not arising upon *existing* facts or rights[.]" (Citation and punctuation omitted; emphasis in original.) *Scarbrough Group v. Worley*, 290 Ga. 234, 236 (719 SE2d 430) (2011).