**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 14, 2016**

# In the Court of Appeals of Georgia

A16A0913. DEVLIN v. DEVLIN.

BOGGS, Judge.

Margaret Devlin ("the grandmother"), pro se, appeals from a superior court order denying her request for an established schedule of grandparent visitation under OCGA § 19-7-3 (d). She contends that the trial court erred in: (1) denying her requests to present telephonic testimony under OCGA § 19-9-50 (b); (2) denying her request to participate in a mediation by telephone; (3) failing to determine whether she could "travel to Georgia without financial harm"; (4) allowing the daughter-in-law "to enter testimony without legitimate evidence"; (5) failing to discover "conclusively that the [mother]'s testimony was true"; and (6) concluding "that the grandparent visitation would cause harm to the children." For the reasons explained below, we find no merit in these contentions and affirm.

The record shows that the grandmother first sought visitation through a Pennsylvania court following the death of her son, the minor children's father, in July 2013. In June 2014, a Pennsylvania court awarded sole physical and legal custody of the children to their mother, allowed limited grandparent visitation, and approved the mother's relocation to Georgia with the children. In February 2014, the mother moved to Georgia, obtained a Georgia driver's license, employment, leased a home, and enrolled the children in a Georgia school.

In December 2014, the mother filed an action in Georgia to enforce and modify the custody and visitation order entered by the Pennsylvania court. She alleged that the grandmother failed to cooperate with her efforts to establish a schedule for grandparent visitation time, and asked the court

> to provide for an established schedule regarding visitation upon the showing required by OCGA § 19-7-3 (c). Alternatively, the timing, duration and conditions of any visitation should be determined exclusively by Petitioner. Any Court-Ordered visitation should take place in Georgia and at times and dates approved by Petitioner.

Following a hearing in which the Georgia court allowed the grandmother to participate pro se in a limited manner by telephone, it concluded that the mother and children had been continuous residents of the State of Georgia for six months before

2

the Georgia proceeding was filed and that it had "exclusive jurisdiction as to all issues of custody and visitation."

Two months after this order was entered, the trial court scheduled a mediation for the parties to take place in Georgia in mid-July 2015, almost one month later. The grandmother promptly filed another request to participate by telephone, alleging that she did "not have the funds to travel to Georgia solely for the purposes of this mediation." The mother opposed this request, asserting that the history between the parties made "it unlikely that the parties could reach a mediated settlement, and Respondent's request to remotely participate makes the prospect of settlement even less likely." The record before us does not include a written order on the grandmother's request to participate in the mediation by telephone, but a later order references that this request was denied. A subsequently-filed brief by the mother states that she appeared for the court-ordered mediation, while the grandmother did not do so.

Shortly after the date for the scheduled mediation, the grandmother filed a motion for an emergency hearing with regard to her request for unsupervised visitation with the children in Pennsylvania for two weeks out of each year. In the same motion she alleged that the mother had committed "perjury by not being truthful

3

throughout this process." She also asked that she be allowed to testify by telephone in the hearing because she did "not have the funds to travel to Georgia solely for the purpose of this Hearing." The mother opposed her request to testify by telephone, arguing that "live testimony will aid the Court in determining which party is telling the truth and help the Court understand the true motivations for Respondent's continued frivolous litigation tactics. This is particularly true since it was clear that Respondent was receiving coaching from an unknown person during her previous telephonic testimony at the jurisdictional hearing."

On October 15, 2015, the trial court denied the grandmother's request to testify telephonically, stating:

> Respondent has filed a Motion for Emergency Hearing. Included in that motion, is Respondent's requests that she be permitted to testify telephonically. A review of the record shows that Respondent failed to attend mediation as ordered by the Court. At that time, the Court denied Respondent's request to mediate telephonically. Additionally the primary purpose of the instant motion appears to be an attempt by Respondent to re-litigate issues that were resolved in a previous hearing and Order by this Court.
>
> **IT IS ORDERED** that Respondent's Motion for Emergency Hearing is **DENIED WITH REGARD TO HER REQUEST TO TESTIFY TELEPHONICALLY**.

In the same order, the trial court scheduled a final hearing on the merits of the grandmother's request for custody for December 1, 2015, and expressly required the grandmother "to appear in person at the hearing, if she wishes to be heard on this motion."

On November 10, 2015, the grandmother filed a pro se "motion for an appeal" of the trial court's denial of her request to appear by telephone. She asserted that she was "a retired Pennsylvania Correctional Officer surviving on an earned Pension or 'fixed income'" and that she qualified for free legal services but could not receive them in Georgia as a non-resident. The mother opposed the grandmother's request for an appeal because it was filed 26 days after the trial court's order, well after the 10-day time period for a party to request a certificate for immediate review of an interlocutory matter under OCGA § 5-6-34 (b). The trial court construed the grandmother's request for an appeal as a motion for reconsideration and denied it.

The grandmother did not appear for the final hearing at which the trial court heard evidence on the issue of visitation. A transcript of this hearing is not a part of the record before us. The day after the hearing held on December 2, 2015, the trial court issued an order in which it made the following findings of fact:

(1) Respondent has failed to appear for Court-Ordered mediation after receiving notice and after being ordered by the Court to appear in person; (2) Respondent has failed to appear for the Final Hearing after receiving notice and after being ordered by the Court to appear in person; (3) Respondent carries the burden of proof to show that visitation under OCGA § 19-7-3 (d) is in the best interests of the Minor Children; (4) in light of Respondent not appearing at the hearing, Respondent has failed to present any evidence that such visitation is in the best interests of the Minor Children and has otherwise failed to carry her burden of proof; (5) Petitioner presented evidence at the hearing in the form of testimony and documents showing the circumstances surrounding the death of the Minor Children's father, instances of inappropriate and unsupported accusations by Respondent's family members directed at Petitioner and her Minor Children that could be harmful to the Minor Children if they were exposed to such, and Respondent's failure to intervene to protect the Minor Children from this harmful conduct; (6) Petitioner presented testimony that in her judgment visitation under OCGA § 19-7-3 (d) was not in the best interests of the Minor Children, and, while not conclusive, the Court pursuant to the statute, defers to that based upon its review of the record and the evidence presented. Based upon the lack of evidence presented by Respondent and based upon evidence presented at the Final Hearing by Petitioner and the findings of fact above, the Court finds that visitation between the Minor Children and Respondent is not in the best interests of the Minor Children, and the Court hereby DENIES grandparent visitation under OCGA § 19-7-3. Any grandparent visitation with the Minor Children shall occur only at such times, places,

6

and under such conditions as Petitioner deems advisable in her discretion.

On December 28, 2015, the grandmother filed a pauper's affidavit for the first time in connection with her request for a waiver of the filing fee for an appeal in this court. According to her affidavit, her household received a total of $4,669 per month through pensions and social security. The trial court denied her request based upon the amount of monthly income.

1. As the grandmother's claims of error regarding her requests to appear by telephone and her financial ability to travel to Georgia are related, we will consider them together.

Georgia has adopted the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), OCGA § 19-9-40 et seq., which provides: "A court of this state *may* permit an individual residing in another state to be deposed or to testify by telephone, audiovisual means, or other electronic means before a designated court or at another location in that state." (Emphasis supplied.) OCGA § 19-9-50 (b). Although there are no Georgia decisions interpreting this Code section, other states have concluded that this portion of the UCCJEA permits, but does not require, a trial court to allow telephonic testimony. See *In re the Marriage of Neubauer*, 815 NW2d

410 (IV) (Iowa App. 2012); *In re Marriage of Tamasy*, 929 NE2d 820, 830 (II) (B) (Ind. App. 2010); *Schwier v. Bernstein*, 734 So.2d 531 (Fla. App. 1999). In Georgia, "[a] trial judge has broad discretion in regulating the conduct of counsel, parties and witnesses, and in prescribing the manner in which the business shall be conducted." (Citations and footnote omitted.) *Brown v. State*, 285 Ga. App. 453, 455 (2) (646 SE2d 289) (2007). See also OCGA § 15-1-3 (4); 24-6-611 (a). We will therefore review the trial court's ruling on the admission of telephonic testimony for an abuse of discretion. See *Baars v. Freeman*, 288 Ga. 835, 842 (3) (708 SE2d 273) (2011) (reviewing trial court's decision to allow telephonic testimony under identical provision of former OCGA § 19-11-135 (f)[1] for abuse of discretion).

Other jurisdictions considering whether a trial court has abused its discretion in a ruling on the use of telephonic testimony find an examination of the function served by a personal appearance in court useful. See, e. g., *Cenlar, FSB v. Moore*, 2009 N.M. App. Unpub. LEXIS 87, Slip Op. at * 8-9 (B) (Case No.26,768, decided May 8, 2009). In its oft-cited decision in *In re Marriage of Bonamarte,* 263 Mont.

---

[1] Former OCGA § 9-11-135 (f) provided: "In a proceeding under [The Uniform Interstate Family Support Act, 19-11-100 et seq.], a tribunal of Georgia may permit a party or witness residing in another state to be deposed or to testify by telephone, audiovisual means, or other electronic means at a designated tribunal or other location in that state."

170 (866 P2d 1132) (1994), the Montana Supreme Court concluded that a witness's personal appearance in court served the following important policies and purposes:

1. assists the trier of fact in evaluating the witness' credibility by allowing his or her demeanor to be observed firsthand;

2. helps establish the identity of the witness;

3. impresses upon the witness, the seriousness of the occasion;

4. assures that the witness is not being coached or influenced during testimony;

5. assures that the witness is not referring to documents improperly; and

6. in cases where required, provides for the right of confrontation of witnesses.

(Citation and punctuation omitted.) Id. at 174.

Here, the trial court allowed the grandmother to appear by telephone in a hearing to determine its jurisdiction. After once allowing the grandmother to appear by telephone, the trial court denied the grandmother's subsequent requests to appear by telephone for a mediation and the final evidentiary hearing on the issue of grandparent visitation. As outlined above, there are numerous reasons that a personal

9

appearance is preferable, and we cannot conclude that the trial court abused its discretion in requiring the grandmother to travel to Georgia. While the grandmother contends that the trial court should have determined that she was able to travel to Georgia without financial harm, our law does not mandate that the trial court make such a finding.[2] And even if such a requirement did exist,[3] the grandmother failed to provide the trial court with the necessary evidence to make such a determination, and when she ultimately provided it in connection with the costs of her appeal, the trial court determined that she was not indigent. See OCGA § 9-15-2 (a) (2) ("The judgment of the trial court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final."); *Penland v. State*, 256 Ga. 641, 642 (352 SE2d 385) (1987) (defendant suffers no denial of due process from provision in OCGA §

---

[2] To the extent the grandmother relies upon OCGA § 19-7-3 (e), this Code section does not apply as it relates only to a trial court's discretion to require a grandparent seeking visitation to be solely responsible for the expense of mediation, and makes no mention of a grandparent's financial ability to travel.

[3] We note that some jurisdictions require a showing of special or exigent circumstances necessitating telephonic testimony, *Bonamarte*, supra; *Aqua Marine Products, Inc. v. Pathe Computer Control Systems Corp.*, 229 N.J. Super. 264 (551 A.2d 195) (N.J. App.1988), and in some of these states, financial inability to travel is not considered an adequate special or exigent circumstance. See, e. g., *In re B.C.*, 283 Mont. 423, 429 (942 P2d 106) (1997).

9-15-2 (a) (2) that trial court's findings concerning party's ability to pay costs or post bond are not subject to review).

For these reasons, we find no abuse of discretion by the trial court in connection with its denial of the grandmother's request to appear by telephone and its failure to determine that she could travel without financial harm.

2. The grandmother's remaining enumerations of error relate to the evidence before the trial court during the final hearing on the issue of grandparent visitation, but the record before us does not include a transcript of the final hearing. "Where the record did not contain a transcript of evidence adduced upon [an evidentiary hearing], questions of whether or not there was any merit in the enumeration of error could not be determined, so the judgment must be affirmed." (Citations omitted.) *Wells Fargo Home Mtg., Inc. v. Cook*, 267 Ga. App. 368, 369 (1) (599 SE2d 319) (2004). Accordingly, the grandmother's remaining claims of error do not require a reversal.

*Judgment affirmed. Barnes, P. J., and Rickman, J., concur*.