**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 30, 2018**

# In the Court of Appeals of Georgia

A18A1002. HUFF v. VALLEJO.

BROWN, Judge.

Latrelle Huff ("the mother") appeals from the trial court's contempt order which also modified Ignacio Vallejo's ("the father") visitation with their three-year-old twins from supervised to unsupervised. She contends that it was "a gross abuse of discretion" for the trial court to change the visitation to unsupervised based upon a pending misdemeanor case against the father and his "current status as an illegal alien with an active Immigration and Customs Enforcement case."[1] For the reasons explained below, we disagree and affirm.

With regard to visitation decisions,

---

[1] The mother does not dispute the trial court's authority to modify a temporary visitation order in a contempt proceeding. See *Weeks v. Weeks*, 324 Ga. App. 785, 787 (2) (751 SE2d 575) (2013).

the trial court has very broad discretion, looking always to the best interest of the child. When the trial court has exercised that discretion, this court will not interfere unless the evidence shows a clear abuse of discretion, and where there is any evidence to support the trial court's finding, this court will not find there was an abuse of discretion.

(Citation and punctuation omitted.) *Williams v. Williams*, 301 Ga. 218, 220 (1) (800 SE2d 282) (2017). The record shows that when the twins were born in 2014, the father's name was placed on the birth certificates. In April 2015, the father filed a complaint for legitimation and sought custodial and visitation rights for the twins. Following a hearing in which the trial court heard testimony and considered evidence from the parties, it issued a temporary order declaring the father "to be the legitimated father of the minor children." It also found that it was in the best interest of the minor children to commence visitation with the father "based upon the totality of the evidence presented, including evidence received in the form of testimony and affidavits from members of the Mother's immediate family supporting the Father's position." It granted temporary joint legal custody to both parents, primary physical custody with the mother, and supervised visitation every other weekend to the father. The trial court did not explain the reasoning behind its decision to require supervised visitation. In the fact-finding portion of its order, the trial court stated:

The Court further finds that, despite allegations made by the [mother] against the [father], including an allegation of rape, no competent evidence was presented supporting such allegation. Moreover, the Court notes that a grand jury sitting in Chatham County returned a "no bill" on the matter. . . . The Court further finds that misdemeanor allegations are currently pending against the Defendant, but that said matter is not set for arraignment in State Court until August 26, 2016.

On March 16, 2017, the father filed a motion for contempt after the mother refused to allow the supervised visitation ordered by the trial court. Following a June 6, 2017 hearing in which the parties testified and presented evidence, the trial court found that the misdemeanor allegations were scheduled for a pretrial conference in June 2017. It also noted that

the Father was detained by Immigrations and Customs Enforcement ("ICE") in early February 2017 because of some questions regarding his status in the United States. After being detained, and with the active assistance of the Mother's own family members, including her sister and mother, the Father retained counsel. He posted an immigration bond and was released by the end of February 2017. The Father is currently pursuing Cancellation of Removal, a legal mechanism by which he might be able to remain in the United States. . . . The Court recognizes that matters of immigration are beyond the purview of these proceedings, but, inasmuch as immigration matters might impact the Father's ability to have visitation with the minor children, the Court

3

finds that the Father's immigration status should not bar him from exercising visitation.

Based upon the mother's refusal to allow the children to participate in visitation after the father's release from ICE detention, the trial court concluded "that there has been a pattern of behavior exhibited by the Mother designed to impede, interfere, and prevent the Father from having meaningful visitation with the minor children. The Court finds that the Mother's actions have willfully defied the previous order of this Court." Accordingly, it found the mother in contempt and ordered her to pay $1,000 to the father for his attorney fees. The trial court also decided, "based upon what it believes is in the minor children's best interest," to modify the terms of visitation to allow the father to have unsupervised visitation with the children. It repeated its earlier admonition preventing either party from traveling with the minor children outside of the United States without the written permission of the court and added a requirement that the children be driven by a licensed driver when the father exercises his visitation. Finally, it rejected the mother's petition for a temporary protective order based upon the father's alleged conduct in following her in April 2017, and riding as a passenger in a car that tailgated the mother in May 2017. The trial court

found that the mother put forward "no competent evidence" to substantiate her claims.

On appeal, the mother contends that "it was error and a gross abuse of discretion for the trial court to modify the terms of the [father]'s visitation from supervised to unsupervised given the facts and circumstances before the trial court at the contempt hearing." In her view, "it is in the minor children's best interests that visitation remain supervised until such time that the [father]'s pending criminal and immigration cases are finalized and the parties all know, with confidence, where they stand."

"Appellants have the burden of showing error affirmatively by the record." (Citation and punctuation omitted.) *In the Interest of H. B.*, Ga. App. (1) (Case No. A18A0257, decided June 8, 2018). The record before us fails to include a transcript of the contempt hearing held on June 6, 2017, during which the trial court heard testimony from both parties and received evidence. In the absence of a transcript of the hearing, we are required to "assume the court was authorized to find that it is to the best interest of [the] minor child[ren to have unsupervised visitation with their father]." (Citation and punctuation omitted.) *Griffin v. Griffin*, 239 Ga. 713 (1) (238 SE2d 380) (1977). See also *Devlin v. Devlin*, 339 Ga. App. 520, 526 (2) (791 SE2d

840) (2016). This rule stems from our obligation to affirm a trial court's visitation decision if there is "*any* evidence to support" it. (Emphasis supplied.) *Williams*, supra, 301 Ga. at 220 (1).

Moreover, we cannot say, as a matter of law, that the trial court abused its discretion by allowing unsupervised visitation to a parent based upon the mere fact of pending immigration proceedings and criminal charges standing alone. We can envision facts and circumstances from which a trial court could conclude that supervised visitation is not necessary because a particular parent is not a flight risk and vice versa. Without more, the mother simply has not met her burden of proving a clear abuse of the trial court's discretion to award unsupervised visitation.

*Judgment affirmed. Miller, P. J., and Andrews, J., concur.*