35542. DAVISON-PAXON COMPANY *v.* BURKART *et al.*

Decided May 2, 1955—Rehearing denied May 23, 1955.

*Houston White, Emory A. Schwall, David A. Heuett,* for plaintiff in error.

*Helen Harper, Heyman & Abram,* contra.

NICHOLS, J. We have for consideration the question whether or not the trial judge erred, as held by the Appellate Division of the Civil Court of Fulton County, in sustaining the plaintiff's motion to dismiss the defendant's motion to set aside the default judgment. The record shows that Mrs. Burkart, codefendant, was served personally, and the return of service as to J. S. Burkart was as follows: "I have this day served the defendant, Mr. J. S. Burkart, 1069 N. Pelham Rd., by leaving a copy of the action and summons at his most notorious place of abode in this county. Delivered same into hands of Mrs. Burkart, a wife (describing her) domiciled at the residence of defendant." These facts are admitted by the defendant, J. S. Burkart. The service was valid in an action at law. In *Burbage* v. *American National Bank,* 95 *Ga.* 503 (20 S. E. 240), it was held: "When one and his family are temporarily absent from the city and county of his permanent residence, by reason of the prevalence of an epidemic, he is still subject to suit by ordinary action in the superior court of that county, and service of process upon him may be effected by leaving a copy of the same at his residence during such absence." In *Moye* v. *Walker,* 96 *Ga.* 769 (22 S. E. 276), such a service was upheld although at the time the defendant was temporarily absent from his home in attendance upon a sick wife elsewhere and never received or saw the summons. The papers here were delivered into the hands of the defendant's wife at his residence. She was in law a person qualified to accept them, as good faith would naturally be expected of her. See *Cathcart* v. *Cincinnati, Hamilton &c. Ry. Co.,* 108 *Ga.* 253 (2) (33 S. E. 875). Notwithstanding the defendant's admission that he was legally served, we have thought it pertinent to set forth above

the extent to which the law sanctions service which is not necessarily personal.

In order to set aside a default judgment, the defendant must have not only a meritorious defense but a legal excuse for his non-appearance. Code § 110-404, as amended by the act of 1946 (Ga. L. 1946, pp. 761, 778), appearing in Code (Ann. Supp.) as § 110-404. "Matters purely defensive and going in denial of the plaintiff's right to recover do not afford grounds to set aside a judgment." *Thomas* v. *Bloodworth,* 44 *Ga. App.* 44 (2) (160 S. E. 709) ; *Morris* v. *Morris,* 82 *Ga. App.* 384, 389 (61 S. E. 2d 156). When a party has been afforded an opportunity to be heard, the court cannot suspend or vacate its judgment merely to let in a defense which should have been offered before the judgment was entered. *Burt Building, Inc.* v. *Atlanta Trust Co.,* 181 *Ga.* 274, 283 (182 S. E. 187). See also *Dougherty-Little-Redwine Co.* v. *Hatcher,* 169 *Ga.* 858, 863 (151 S. E. 796). "Whenever a motion is made to vacate a judgment, even during the term at which the same was rendered, the movant must allege and prove some reason good in law why he had failed to make his defense at the time required." *Florida Central R. Co.* v. *Luke,* 11 *Ga. App.* 290, 293 (75 S. E. 270) ; *Morris* v. *Morris,* supra. While the Code, § 110-404, as amended, gives to the trial judge a broad discretion in setting aside a default judgment, this does not mean that he may act arbitrarily but that he must exercise a *sound and legal* discretion. He may not open a default capriciously or for fanciful or insufficient reasons. *Brucker* v. *O'Connor,* 115 *Ga.* 95, 96 (41 S. E. 245) ; *Smith* v. *Aultman,* 30 *Ga. App.* 507, 515 (118 S. E. 459). "The law seeks an end of litigation; and when parties have had full opportunity to plead and be heard, and a judgment is entered which in its nature ends the controversy, that judgment should not be disturbed, even while in the breast of the court, except in the exercise of sound legal discretion where it is necessary to do it in order to promote justice." *Cahoon* v. *Wills,* 179 *Ga.* 195, 196 (175 S. E. 563) ; *Cofer* v. *Maxwell,* 201 *Ga.* 846, 848 (41 S. E. 2d 420).

In the state of the record we perceive no sound and legal reason for holding that the trial court erred in sustaining the plaintiff's motion to dismiss the defendant's motion to set aside the default judgment. Here we have a case where the defendant

was legally served at his residence. He admits it; but we are asked, in effect, to hold that, where a default judgment is rendered against a defendant who was unaware of the valid service, the judgment should be set aside simply upon a showing that he had a meritorious defense, even though his response to the summons was frustrated by his own wife. The prompt and proper functioning of the courts can not be thus impeded. To accept such a view would make it possible for legal service to be emasculated by anyone who felt enough interest in the person served in terms of the law to secretly withhold from him the summons of the court. The defendant's grievance, if any, is properly not against the court which rendered the default judgment, but against the person, his wife, who brought about his misfortune by preventing him from filing what he conceives to be a good defense to the original suit. See *Morris v. Morris*, 76 *Ga.* 733; *Lanier v. Nunnally & Co.*, 128 *Ga.* 358, 360 (57 S. E. 689).

It is strongly argued in the brief of counsel for the defendant in error that the trial judge did not exercise his discretion in sustaining the motion to dismiss. The motion to dismiss was directed to the facts alleged in the defendant's motion to set aside the default judgment. If, as we have ruled, the defendant showed no legal reason for reopening the default, it was not necessary or proper that the trial judge exercise any discretion as to whether or not any meritorious defense was shown. If the court had reached any conclusion upon considering the motion to dismiss other than that the defendant was not legally excusable, and had overruled the plaintiff's motion to dismiss, it would have been an abuse of discretion. Where the allegations of the motion to reopen the default show no sound and legal reason for doing so, it is not a matter for the exercise of discretion, but a matter of law that the defendant's motion should not prevail. *Butler & Co. v. Strickland-Tillman Hardware Co.*, 15 *Ga. App.* 193 (2) (82 S. E. 815).

It follows from what is said above that the Appellate Division of the Civil Court of Fulton County erred in reversing the judgment of the trial court with direction that the motion to set aside the default be set down for a hearing on its merits.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*