A05A1938. CAVIN v. POWELL.
(622 SE2d 415)

BLACKBURN, Presiding Judge.

Rachel Cavin appeals from the trial court's denial of her motion for new trial or to set aside the default judgment entered in favor of Dana Powell. Cavin contends that the trial court erred in denying her motion because the damages awarded to Powell were excessive as a matter of law. For the reasons set forth below, we affirm.

The record shows that in November 2003, Cavin and Powell were involved in an automobile accident in which Powell suffered serious injuries. On January 4, 2005, Powell filed suit against Cavin, alleging negligence and seeking $100,000 in damages. Cavin was served with the complaint on January 7, 2005, but failed to file a timely answer. Consequently, on February 25, the trial court granted Powell a default judgment on liability and scheduled a hearing for March 1 to determine damages. After the hearing, for which no transcript was ordered, the trial court entered a final judgment and awarded Powell $100,000 in damages.

The same day final judgment was entered, Cavin filed an answer denying any liability. On March 9, Cavin filed a motion for new trial or to set aside the judgment, arguing that because Powell's special

damages totaled only $3,102, the trial court's award of $100,000 in damages was excessive as a matter of law. The trial court held a hearing on Cavin's motion and, at the conclusion of this hearing, denied it. This appeal followed.

1. Cavin contends that she is entitled to a new trial because the trial court's damages award was excessive. In reviewing a trial court's denial of a motion for new trial based on an excessive damages argument, we determine only whether the trial court abused its discretion. See *Patterson Bank v. Gunter*;[1] *Atlanta Transit System v. Robinson*.[2] "The general rule on appeal of an award of damages is that a [factfinder's] award cannot be successfully attacked so as to warrant a new trial unless it is so flagrantly excessive or inadequate, in light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake on the part of the [factfinder]." (Punctuation omitted.) *J. B. Hunt Transport v. Brown*.[3] Stated otherwise, this Court will not disturb a damages award unless it is so flagrant as to shock the conscience. See *Patterson Bank*, supra; *J. B. Hunt Transport*, supra. Importantly, such a determination can only be made through a review of the trial transcript. *Wells Fargo Home Mtg. v. Cook*.[4]

Cavin argues that the trial court's award of $100,000 in damages to Powell was excessive in light of the fact that Powell's special damages totaled only $3,102. Regardless, since there was no transcript of the damages hearing, we must assume that the trial court's judgment was correct and supported by the evidence. *Wells Fargo Home Mtg.*, supra. Moreover, this Court has consistently rejected attempts to reverse damages awards based on any mathematical formulae. *Patterson Bank*, supra. Given these circumstances, we cannot find that the award was so flagrant as to shock the conscience, and further cannot find that the trial court abused its discretion in denying Cavin's motion. *Patterson Bank*, supra; *J. B. Hunt Transport*, supra.

2. Finally, Cavin also contends that she should be granted a new trial on damages because she did not receive notice of the March 1 damages hearing and thus was not afforded the opportunity to challenge Powell's testimony. This contention is without merit. "It is well settled that the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, including notices of time and place of trial, and all service in the action." (Punctuation

---

[1] *Patterson Bank v. Gunter*, 263 Ga. App. 424, 426 (2) (588 SE2d 270) (2003).
[2] *Atlanta Transit System v. Robinson*, 134 Ga. App. 170, 171 (1) (213 SE2d 547) (1975).
[3] *J. B. Hunt Transport v. Brown*, 236 Ga. App. 634, 637 (3) (512 SE2d 34) (1999).
[4] *Wells Fargo Home Mtg. v. Cook*, 267 Ga. App. 368, 369 (1) (599 SE2d 319) (2004).

omitted.) *T.A.I. Computer v. CLN Enterprises.*[5] Since Cavin failed to timely file an answer, she waived any notice of further action in the case, including notice of the hearing on damages. See *Chrysler Credit Corp. v. Brown.*[6] Accordingly, the trial court's judgment is affirmed.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 21, 2005.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, J. Anderson Davis, Stephen B. Moseley*, for appellant.

*Cook & Connelly, Bobby Lee Cook, Rex B. Abernathy, Gregory, Christy, Maniklal & Dennis, Hardy Gregory, Jr.*, for appellee.

---

[5] *T.A.I. Computer v. CLN Enterprises*, 237 Ga. App. 646, 649 (3) (516 SE2d 340) (1999).

[6] *Chrysler Credit Corp. v. Brown*, 198 Ga. App. 653, 654 (1) (402 SE2d 753) (1991).