### A09A0845. RICHARDS v. DAVIS.

(686 SE2d 882)

PHIPPS, Judge.

Rex Richards appeals the judgment entered against him in favor of Brenda Davis after a car collision on October 24, 2005 in which Richards attempted an improper left turn and struck Davis's vehicle. Davis sustained injuries to her head, back and torso, and experienced pain that limited her daily activities for approximately one year after the collision. At a bench trial, the municipal court awarded her damages of $15,000. On appeal, Richards challenges the award amount, arguing that the municipal court erred by allowing into

evidence Davis's testimony concerning medical bills greater than the total amount Davis provided to Richards during discovery, and erred when it failed to take into account Davis's allegedly false testimony about a pre-existing medical condition when it set the sum of damages. For the following reasons, we affirm.

1. Davis contends that Richards failed to preserve for appellate review his claim that the municipal court erred when it allowed testimony about Davis's medical bills at odds with her interrogatory responses, and we agree. At trial, Davis testified on direct examination about the amount of her medical bills. Richards objected to Davis's testimony only on the grounds that (1) no witness was present to testify that the bills were reasonable or medically necessary, and (2) Davis had not paid the bills herself and thus lacked first-hand knowledge of them. On cross-examination, Richards elicited testimony from Davis regarding her payment of the bills that was at odds with her interrogatory responses. By thus failing timely to assert the objection he now raises on appeal, Richards waived that claim of error.[1]

2. Richards complains that the municipal court erred in its calculation of the damages award because it failed to consider that Davis's testimony concerning a pre-existing medical condition was "false." At trial, Davis testified that she had suffered several other injuries prior to the accident. Richards characterizes Davis's testimony as "false" because at trial Davis recounted the additional injuries and the amount of resulting harm only gradually, upon confrontation by Richards's counsel with specific events and dates. To the extent that Richards argues that the municipal court should have found Davis lacking in credibility, that question is the province of the factfinder.[2] Otherwise, Richards's claim of error contains two arguments, that the municipal court: (1) failed to consider all the evidence, which we review under the clearly erroneous standard;[3] and (2) awarded excessive damages, which we review to determine whether the award was so flagrant as to shock the conscience.[4]

With regard to Davis's pre-existing medical condition, Richards's attorney conducted a thorough cross-examination of Davis. After hearing the testimony, the municipal court determined that

YALE LAW LIBRARY

---

[1] See *Francis v. Francis*, 279 Ga. 248, 249 (611 SE2d 45) (2005) (the contemporaneous objection rule provides that objections must be made on the record at the earliest possible time to preserve for review the claim of error; objecting on a specific ground waives all other grounds of objection on appeal).

[2] *Kimbrell v. Effingham Bd. of Tax Assessors*, 191 Ga. App. 544, 546 (382 SE2d 388) (1989).

[3] *City of McDonough v. Tusk Partners*, 268 Ga. 693, 696 (1) (492 SE2d 206) (1997).

[4] *Cavin v. Powell*, 276 Ga. App. 60 (1) (622 SE2d 415) (2005).

Davis experienced significant pain for several months following the accident. This pain, along with Davis's medical expenses of more than $3,400 justified the award of $15,000. Richards has shown no basis for disturbing the award amount because he has shown neither that a clearly erroneous finding led to the award nor that the award was so flagrant as to shock the conscience.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 17, 2009.

*B. Thassanee Gutter-Parker*, for appellant.

*Beasley, Allen, Crow, Methvin, Portis & Miles, Archie I. Grubb II, Gary O. Bruce*, for appellee.