**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 2, 2015**

# In the Court of Appeals of Georgia

A15A1525. GRANITE LOAN SOLUTIONS, LLC v. KING.

MCFADDEN, Judge.

After Clarence King obtained a default judgment against Granite Loan Solutions, LLC ("Granite"), Granite filed a motion seeking to set aside the judgment and open the default or, alternatively, to obtain a new trial. Granite appeals from the denial of that motion. We affirm the ruling because Granite has not shown that the trial court abused his discretion in declining to set aside the judgment and open default and because Granite has not shown by the record that it is entitled to a new trial.

1. *Procedural background.*

On April 4, 2014, King filed a complaint against Granite, among other defendants, in the State Court of Chatham County. The complaint alleged that after

King's home was foreclosed upon and no timely confirmation action was brought, resulting in his discharge from further liability, Granite and its co-defendants engaged in a fraudulent conspiracy to foreclose upon him a second time and thereby create an apparent basis for extracting further payments.

King served the complaint upon Granite on April 25, 2014. Granite failed to answer or file another defensive pleading. After a bench trial on damages that was not taken down, on June 26, 2014, the trial court granted King a default judgment and awarded actual and punitive damages totaling $4 million against Granite. On July 28, 2014, Granite filed a motion in which it asked the trial court to set aside the default judgment under OCGA § 9-11-60 (d) (2) for fraud, accident or mistake; to set aside the default pursuant to the trial court's broader authority over cases still within the breast of the court; or, alternatively, to grant a new trial on damages. The trial court denied this motion, and we granted Granite's application for discretionary review of that decision.

2. *Appellate jurisdiction.*

As an initial matter, we note that, although Granite sought discretionary review of the trial court's order, the order was directly appealable. Among other relief, in its motion Granite asked the trial court to order a new trial on damages because the

2

evidence did not support the award, a request the trial court denied. Because the order on appeal included the denial of a motion for new trial, it was directly appealable. See generally *PHF II Buckhead LLC v. Dinku*, 315 Ga. App. 76, 80-81 (2) (726 SE2d 569) (2012) (considering direct appeal of order denying motion for new trial on damages, which sought reexamination of issues of fact, in case involving default judgment). Because the order on appeal was directly appealable, the application for discretionary appeal, while not necessary, was due to be granted. OCGA § 5-6-35 (j).

3. *Motion to set aside judgment and open default.*

Granite argues that the trial court erred in denying its motion to set aside the default judgment pursuant to OCGA § 9-11-60 (d) (2) because King obtained the default judgment by accident or mistake. Granite argues that the trial court erred in denying the motion for three other reasons, as well: because at the time of the judgment venue was not proper in Chatham County, because Granite was not given notice of the damages hearing, and because procedural errors occurred in the case. Granite also argues that the trial court erred in denying its motion to open default. We review a ruling on a motion to set aside for abuse of discretion and affirm if there is any evidence to support it. See *Stamey v. Policemen's Pension Fund Bd. of Trustees*, 289 Ga. 503, 504 (1) (712 SE2d 825) (2011); *Cherwood, Inc. v. Marlin Leasing*

3

*Corp.*, 268 Ga. App. 64 (601 SE2d 356) (2004). As explained below, the trial court did not err in declining to set the judgment aside for any of the reasons argued by Granite. Consequently, the trial court had no occasion to reach the question of opening the default.

(a) *Setting aside judgment for fraud, accident, or mistake under OCGA § 9-11-60 (d).*

Granite argues that the trial court should have set aside the default judgment pursuant to OCGA § 9-11-60 (d) (2), which authorizes a trial court to set aside a judgment for "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant[.]" Granite asserts that some of the factual allegations in King's complaint were "patently false" and in conflict with positions King took in a prior case against a different set of defendants. But "[r]elief under OCGA § 9-11-60 (d) (2) may be granted only where the grounds are unmixed with the negligence or fault of the movant." *T. A. I. Computer v. CLN Enterprises*, 237 Ga. App. 646, 648 (2) (516 SE2d 340) (1999) (citation and punctuation omitted). Where, as here, a "judgment against [a defendant] was entered because [the defendant] negligently allowed the case to go into default" and "[t]he essence of the mistake raised by [the defendant] is that it was unable to refute the allegations of the

4

complaint," a trial court "d[oes] not abuse [his or her] discretion in finding that this 'mistake' was not sufficient to support setting aside the judgment[.]" Id. (citation omitted). Although Granite asserts that its counsel was responsible for the default,[1] "the neglect of [Granite's] attorney is attributable to [it] and cannot suffice to excuse [its] failure to timely answer." *Butterworth v. Safelite Glass Corp.*, 287 Ga. App. 848, 851 (2) (652 SE2d 877) (2007) (citation omitted).

(b) *Remaining grounds for setting aside judgment.*

Granite's remaining arguments for setting aside the judgment invoke the trial court's inherent power to exercise his discretion for meritorious reasons to set aside a judgment not based on a jury verdict that was entered within the same term of court. See *Miranda v. Stewart*, 312 Ga. App. 290, 291 (718 SE2d 123) (2011) ("Under our law, a judgment not based upon a jury verdict is considered within the breast of the court during the term of court in which it is entered, and a court may exercise its discretion for meritorious reasons to set aside a judgment within the same term of court. Once that term of court has ended, however, a judgment may only be set aside under the procedures in OCGA § 9-11-60 (d).") (citations omitted); *Piggly Wiggly*

---

[1] Granite refers to its out-of-state counsel who served as its registered agent and received service of the complaint, not to its appellate counsel.

*Southern v. McCook*, 216 Ga. App. 335, 337 (1) (454 SE2d 203) (1995). The trial court retained this power in this case because Granite moved to set aside the default judgment during the same term in which the trial court entered that judgment. See OCGA § 15-6-3 (17) (Chatham County terms of court commence the first Monday in March, June, September, and December); see also *Maslia v. Hamilton*, 239 Ga. 52 (235 SE2d 485) (1977); *Piggly Wiggly Southern*, 216 Ga. App. at 337 (1).

(i) *Venue.*

Granite argues that the trial court should have set aside the default judgment because, when the trial court entered the judgment, venue was not proper in that court. Venue was not proper, according to Granite, because King voluntarily dismissed the only defendant who was a Chatham County resident. See generally OCGA § 9-10-31 (d) ("If all defendants who reside in the county in which an action is pending are discharged from liability before or upon the return of a verdict by the jury or the court hearing the case without a jury, a nonresident defendant may require that the case be transferred to a county and court in which venue would otherwise be proper."). But, as King points out, after the voluntary dismissal, the only defendants remaining in the case were out-of-state defendants subject to long-arm jurisdiction in Georgia. OCGA § 9-10-93 addresses venue in these circumstances:

6

> Where an action is brought against a resident of this state, any nonresident of this state who is involved in the same transaction or occurrence and who is suable under the provisions of this article may be joined as a defendant in the county where a resident defendant is suable. Under such circumstances, jurisdiction and venue of the court of and over such nonresident defendant shall not be affected or lost if *at trial* a verdict or judgment is returned in favor of such resident defendant. If such resident defendant is dismissed from the action *prior to the commencement of the trial*, the action of the nonresident defendant shall not abate but shall be transferred to a court in a county where venue is proper.

(Emphasis supplied.)

The parties dispute whether King dismissed the Chatham County resident before or during the trial on damages. But there is evidence to support King's position that the dismissal occurred *after* the start of the damages trial. King was required to obtain a court order approving the voluntary dismissal for it to become effective, because the dismissal did not cover all of the defendants in the case. See *Gresham v. Harris*, 329 Ga. App. 465, 466 (765 SE2d 400) (2014); *Kilgore v. Stewart*, 307 Ga. App. 374, 375 (705 SE2d 209) (2010); see also OCGA § 9-11-21. The record contains sworn testimony from one of King's attorneys that the trial court was presented with and signed that dismissal order after the damages hearing had begun.

7

This evidence supports a finding that venue remained proper in Chatham County under OCGA § 9-10-93.

(ii) *Notice.*

Granite argues that the trial court should have set aside the default judgment because it did not receive notice of the damages hearing. But "[i]t is well settled that the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, including notices of time and place of trial, and all service in the action." *T. A. I. Computer*, 237 Ga. App. at 649 (3) (quoting OCGA § 9-11-5 (a)) (punctuation omitted). "Since [Granite] failed to timely file an answer, [it] waived any notice of further action in the case, including notice of the hearing on damages." *Cavin v. Powell*, 276 Ga. App. 60, 62 (2) (622 SE2d 415) (2005) (citation omitted).

(iii) *Alleged procedural errors.*

Granite argues that the trial court should have set aside the default judgment on account of three alleged procedural errors: King's use of an incorrect name for Granite in the caption of his complaint; a process server's use of a return of service form that incorrectly identified the trial court; and the trial court's inclusion of an incorrect date in his order granting default judgment. As explained below, these errors

8

were minor and, whether taken separately or together, did not require the trial court to set aside the default judgment.

First, Granite points out that the caption of King's complaint misstates Granite's name as "Granite Solutions, LLC." But "a caption is generally not considered a part of the petition in Georgia." *Anderson v. Bruce*, 248 Ga. App. 733, 735 (2) (548 SE2d 638) (2001) (citation and punctuation omitted).

> Courts refrain from attaching too much importance to the merely formal parts of a complaint and construe pleadings so as to do substantial justice. Substance, rather than nomenclature, controls. Thus, the character in which a party is sued may be determined from the substance of the allegations of the petition, considered in its entirety.

Id. at 736 (2) (citations and punctuation omitted). See also *Memar v. Styblo*, 293 Ga. App. 528 (667 SE2d 388) (2008); *Southcom Group v. Plath*, 257 Ga. App. 46, 48-49 (1) (570 SE2d 341) (2002). Here, because the body of King's complaint repeatedly and consistently identifies Granite by its correct name, "Granite Loan Solutions, LLC," it is clear that "Granite Loan Solutions, LLC" is a defendant in this action. See *L. Henry Enters. v. Verifone, Inc.*, 273 Ga. App. 195, 197 (1) (614 SE2d 841) (2005). Consequently, the incorrect caption "evinces no more than a mere misnomer," and a "mere misnomer of a corporation in a judicial proceeding is not material or vital in

its consequences, if the identity of the corporation intended is clear." *Miller v. U. S. Shelter Corp. of Del.*, 179 Ga. App. 469, 472 (2) (347 SE2d 251) (1986) (citation, punctuation and emphasis omitted). The record shows that Granite's registered agent received service of the complaint, notwithstanding the mistake in the caption. Although Granite argues that King never sought to correct the misnomer, because Granite did not raise the issue until after final judgment, it has waived any objections to the mistake. See *Northgate Village Apartments v. Smith*, 207 Ga. App. 479, 481 (2) (428 SE2d 381) (1993).

Second, Granite points out that the return of service form reflecting service of the complaint upon Granite's registered agent included a heading that incorrectly identified the trial court as the "UNITED STATES DISTRICT COURT[,] Chatham District of Georgia." Nevertheless, the trial court accepted this form for filing, and Granite has pointed to no authority suggesting that the error in the heading made the document an inadequate proof of service. See generally OCGA § 9-11-4 (h) (setting forth requirements for return of service).

Finally, Granite points out that, in the order granting the default judgment, the trial court incorrectly stated that the hearing on damages had occurred on January 6, 2014, rather than June 26, 2014. Granite offers no authority for the proposition that

10

this type of clerical mistake, which a trial court may correct at any time of its own initiative, OCGA § 9-11-60 (g), required the trial court to set aside the default judgment.

(c) *Opening of default.*

Granite argues that the trial court erred in denying its motion to open default pursuant to OCGA § 9-11-55 (b), which authorizes a trial court, in its discretion, to open default under specific circumstances "[a]t any time *before final judgment*." (Emphasis supplied.) The trial court here had entered a final judgment. So it could not open the default without first setting aside the final judgment, which it had declined to do. See *Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 428 (1) (535 SE2d 780) (2000); *Archer v. Monroe*, 165 Ga. App. 724, 725 (2) (302 SE2d 583) (1983).

4. *Motion for new trial.*

Granite argues that the trial court erred in denying its motion for new trial on damages because no evidence supported the damages awarded by the trial court. On appeal from a ruling on a motion for new trial, we construe the evidence in the light most favorable to the party opposing the motion to determine whether there is any evidence supporting the judgment. See *Holland v. Holland*, 267 Ga. App. 251, 252 (599 SE2d 242) (2004). By virtue of its default, Granite admitted that it had

11

participated in the fraudulent conspiracy alleged in the complaint. See *Cohran v. Carlin*, 254 Ga. 580, 585 (3) (331 SE2d 523) (1985) ("a defendant in a default is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged") (citation and punctuation omitted). And where, as here, there is no transcript of the evidentiary hearing, "we must presume . . . that the trial court's finding . . . was supported by the evidence presented at the hearing." *Chrysler Credit Corp. v. Brown*, 198 Ga. App. 653, 656 (2) (402 SE2d 753) (1991) (citation omitted). Accordingly, the trial court did not err in denying the motion for new trial.

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*