**FIRST DIVISION**
**BARNES, P. J.,**
**DILLARD, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

**June 30, 2023**

# In the Court of Appeals of Georgia

A23A0452, A23A0453. SAMSUNG ELECTRONICS AMERICA, INC. v. BREWER; and vice versa.

BARNES, Presiding Judge.

These companion appeals arise from the grant of a default judgment against Samsung Electronics America, Inc. in a products liability action filed by Jordan Brewer after he was injured when the battery in his e-cigarette exploded in his pocket. In Case No. A23A0452, Samsung challenges the trial court's denial of its motion to open default judgment.[1] In his cross-appeal, Case No. A23A0453, Brewer asserts that the trial court erred in granting Samsung's motion to set aside the judgment. Upon

---

[1] Samsung filed an application for interlocutory review of the trial court's orders denying its motion to open default, motion to withdraw admissions, and motion to stay, which this Court granted.

review, we vacate the trial court's judgment in granting Samsung's motion to set aside the judgment in Case No. A23A0453, and dismiss as premature the judgment denying Samsung's motion to open default judgment in Case No. A23A0452.

The record reflects that on July 15, 2020, Brewer filed the subject lawsuit against Samsung and other defendants.[2] Brewer alleged that he was injured when the battery to an e-cigarette or "vape" pen caught fire or exploded in his pocket, and that Samsung was involved in designing, manufacturing, distributing, and selling the battery. Brewer asserted negligence and products liability causes of action against Samsung based on its alleged negligent design and manufacturing of the battery and negligent failure to warn of the risks and harms associated with the battery. Brewer's damages claims included a claim for punitive damages.

On July 20, 2020, Samsung was served with a copy of the complaint, summons, and discovery requests, including requests for admission. The summons stated that

> [y]ou are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney . . . an answer to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If

---

[2] The complaint named as defendants, Samsung, SEV Berwick Store LLC d/b/a Southeast Vapes and E-Cigs, Hohm Tech, Inc., John Does, and ABC, Inc.

you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

The discovery requests indicated that responses thereto were due within 45 days. Samsung's legal department received a copy of the complaint on the day it was served.

Samsung failed to file an answer or responsive pleading to the lawsuit within 30 days of the date of service, i.e., August 19, 2020, which placed it in default by operation of law. See OCGA §§ 9-11-12 (a) ("A defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute. . . ."); 9-11-55 (a).[3] Samsung still had not filed an

---

[3]     If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs. If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by

answer or responsive pleading within 45 days of the date of service, i.e., September 3, 2020, which meant it could no longer open the default as a matter of right. See OCGA § 9-11-55 (a). On September 10, 2020, Brewer filed a motion for default judgment against Samsung and to drop the remaining defendants from the lawsuit.[4] On September 16, 2020, the trial court issued an order declaring Samsung in default on the issue of liability and scheduled a damages hearing for October 9, 2020.[5] According to the court, Samsung's registered agent was served with a copy of the default judgment, and the Clerk had followed the usual practice of issuing a notice of the damages hearing to Samsung. Following the damages hearing, on October 12, 2020, judgment was entered in favor of Brewer and against Samsung in the amount

---

proper evidence[.]

OCGA § 9-11-55 (a).

[4] The trial court subsequently issued orders dismissing without prejudice Brewer's claims against the other defendants.

[5] "By virtue of its default, [Samsung] admitted to [the claims] alleged in the complaint. [A] defendant in a default is in the position of having admitted each and every material allegation of [Brewer's] petition except as to the amount of damages alleged." (Citations and punctuation omitted.) *Granite Loan Solutions, LLC v. King*, 334 Ga. App. 305, 311 (4) (779 SE2d 86) (2015).

4

of $10,860,972 as "general and special damages, past and future." The trial court's order reflected that in determining the amount of damages

> the Court on October 9, 2020 listened and heard the testimony of live witnesses regarding past and future damages and reviewed copious amounts of evidence presented including photographs of the injuries at issue and medical records and bills associated with [Brewer's] injuries; [and found] after hearing the testimony and reviewing the evidence that [Brewer's] injuries and condition are permanent in nature and that [Brewer] has a remaining life expectancy of approximately fifty-five (55) years according to the statutory annuity and mortality table[.]

On December 4, 2020, during the same term of court,[6] Samsung filed a motion to set aside the default judgment, or in the alternative, motion for new trial.[7] Relying on the trial court's authority to set aside its judgment within the same term of court in which it was entered, Samsung argued that there were "meritorious grounds" to set aside the default judgment, including that it was the wrong party; the court lacked personal jurisdiction over Samsung because the sole resident defendant had been dismissed from the case; the judgment resulted from fraud and/or mistake; Samsung

---

[6] See OCGA § 15-6-3 (17) (Chatham County terms of court commence the first Monday in March, June, September, and December).

[7] This was Samsung's first pleading filed in response to the complaint.

5

had not received notice of the damages hearing; OCGA § 9-11-5 (a), which addresses waiver of notice for failure of a party to file pleadings, was unconstitutional; and the damages awarded on the default judgment were grossly excessive and violated the Eighth and Fourteenth Amendments.

By the time of the pending motion to set aside the judgment, the initial trial court judge who entered the default judgment had assumed senior judge status , and a new trial court judge had been assigned to the case. Following a hearing on the motion, on January 7, 2022, the newly assigned judge granted Samsung's motion to set aside, the judgment awarding "damages in excess of $10 million," concluding that the significant award of damages should be reconsidered due to the limited evidence in the record, the discrepancy between the special damages and the overall award, and the judgment's failure to break down the types of damages awarded. The trial court further acknowledged that Samsung had abandoned any arguments related to OCGA § 9-11-60 and had instead argued that the trial court should exercise its plenary power to set aside a judgment entered within the same term of court.[8] The trial court

---

[8] Samsung consequently argued at the hearing on the motion to set aside default that any attendant burdens of proof under OCGA § § 9-11-60 (d) and 9-11-55 (b) would not apply in the context of the trial court's exercise of its plenary powers to set aside judgments in the same term.

6

emphasized that "this is not a holding in favor of Samsung's argument that the damages award is so grossly excessive that it violates the Eighth Amendment or Due Process Clause of the Fourteenth Amendment."

Subsequent to the grant of Samsung's motion to set aside the default judgment, on January 24, 2022, Samsung filed a motion to open the default pursuant to OCGA § 9-11-55 (b).[9] Following a hearing, the trial court denied the motion, concluding that Samsung had met and satisfied the preconditions for opening the default by making a showing under oath, offering to plead instanter, announcing ready to proceed to trial, presenting a meritorious defense under oath (that it was not the party responsible

---

[9]    At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial.

OCGA § 9-11-55 (b).

for the manufacture or distribution of the battery), and paying the court costs to the clerk of court. The court further concluded, however, that Samsung had failed to establish that this was a proper case to open default judgment, specifically rejecting the company's argument that "it is not a proper party to [the] lawsuit and that manifest injustice would result if it were not permitted to open the default and present this argument."[10] Characterizing Samsung's action in pursuing its company protocol in response to similar lawsuits as "a failed legal strategy" that was "willful and deliberate and done with indifference to the correct legal process or else was gross negligence,"[11] the trial court chronicled Samsung's response from the time it was served on July 22, 2020 until December 4, 2020, when "Samsung finally filed its

---

[10] The legal grounds of providential cause and excusable neglect were not at issue.

[11] Gary Tulp, Samsung's litigation counsel, averred that in other cases where Samsung had been mistakenly named as a defendant in a battery case,

> [Samsung's] typical practice is for [the paralegal who initially received the complaint ] or another member of the in-house legal department to promptly contact plaintiff's counsel, explain that [Samsung] is the wrong party, provide a supporting declaration if necessary, and obtain a voluntary dismissal . . . . Through the years, [Samsung] has followed this procedure and has routinely obtained voluntary dismissals in cases across the country.

motion to set aside the judgment."[12] The trial court recounted that Samsung had failed at every step to follow its own procedure in this case. It did not follow up with Brewer's attorney, did not timely send the promised documentation to support its assertion that it was not the responsible party until after the judgment was entered, and did not obtain a voluntary dismissal. The trial court summarized that "in a case where a party's legal department is fully aware of the existence of a lawsuit and wilfully and continually ignores the associated legal responsibilities that accompany being sued for extended periods of time, there is no proper case to open default."

Turning to the issues on appeal, which include both the denial of Samsung's motion to open the default, and the grant of Samsung's motion to set aside the default judgment, this Court has indicated that, "the first and essential step against any final judgment, including a default judgment, is a motion to set aside the judgment under OCGA § 9-11-60 (d)." *The Pantry, Inc. v. Harris*, 271 Ga. App. 346, 347 (2) (609 SE2d 692) (2005). See also *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278) (1979) (noting that once a default judgment is set aside, the case returns to the

---

[12] The trial court pointed out that, "more than a month after receiving the $10 million dollar judgment against it, Samsung was advised that no dismissal was forthcoming. Fourteen days later, on December 4, 2020, Samsung finally filed its motion to set aside the judgment."

posture it occupied prior to the entry of the default judgment); *Granite Loan Solutions, LLC v. King*, 334 Ga. App. 305, 310 (3) (c) (779 SE2d 86) (2015) (explaining that where the trial court had entered a final judgment, it could not open the default without first setting aside the final judgment, which it had declined to do). Thus, we must first consider whether the trial court erred in granting Samsung's motion to set aside the default judgment.

*Case No. A23A0453*

In setting aside the judgment, the trial court concluded that,

> [i]n consideration of [the] evidence, and given the extreme breadth of the discretion afforded to this Court to determine what is a meritorious reason to set aside a judgment and whether to do so, the Court ultimately agrees with Samsung that reconsideration of the damages award is a sufficiently meritorious reason to set aside the judgment here and analyze whether the amount of general and special damages awarded to Mr. Brewer was appropriate.

The trial court pinpointed "the limited evidence in the record, the discrepancy between the special damages and the overall award, and the failure to break down damages" as "cause[ for the] Court to question whether the judgment is supported by the evidence and lawful." It also found that the absence of a hearing transcript and

10

more detailed order prevented "these questions [from being] answered to this Court's satisfaction[.]"

The trial court acknowledged that it did not "necessarily have a reason to doubt that the evidence supported the judgment," and that "the original judge might have heard emotional testimony from Mr. Brewer and his mother regarding the impact this explosion had on a seventeen year old who was about to leave for college, including and not limited to the excruciating emotional and physical toll this took on him and how it will impact Mr. Brewer's future," and testimony "regarding additional special and general damages incurred." The trial court speculated that the evidence alternatively could have "established that Mr. Brewer's physical pain and suffering was more limited in time and that he will not have to undergo any future treatment and that Mr. Brewer's future general damages might not be as significant as indicated by the judgment."

1. Brewer maintains on appeal that, in granting Samsung's motion to set aside the default judgment, the trial court abused its discretion, as there was no meritorious reason to set aside the judgment, even during the same term of court. More specifically, Brewer asserts that, in setting aside the judgment and directing a new trial on damages, the trial court failed to take into account the presumptions required

11

by Georgia law that, not only did the former judge "faithfully and lawfully" perform his duties, but also that in the absence of a hearing transcript, the evidence supports the trial court's ruling. Brewer also asserts that Samsung had the burden of producing the transcript to challenge the damages, but failed to do so, and that the trial court's presumption of irregularity rather than regularity in such circumstances was an abuse of its discretion.[13]

Georgia's Uniform Superior Court Rule 3.3. (A) provides in relevant part that "[t]he judge to whom any action is assigned shall have exclusive control of such action." To that end, in the exercise of its authority, the

---

[13] Our Court has recognized a "presumption of regularity in judicial proceedings." *Revere v. State*, 277 Ga. App. 393, 395 (1) (b) (626 SE2d 585) (2006). See generally *Chadwick v. Brazell*, 331 Ga. App. 373, 379-380 (2) (771 SE2d 75) (2015) (finding that this Court is "unable to properly review this claim of error in the absence of the full transcript of the evidence presented at trial from which the [fact-finder] considered what it deemed to be the appropriate amount of damages"); *Wells Fargo Home Mtg. v. Cook*, 267 Ga. App. 368, 369 (1) (599 SE2d 319) (2004) (noting that "[q]uestions of damages are ordinarily for the [trier of fact]; the appellate court should not interfere with the . . . verdict unless the damages awarded . . . are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence, which must be determined from the trial transcript. Such issues cannot be determined absent a trial transcript from which all the evidence may be evaluated in light of the verdict[.] . . . Wells Fargo made no attempt to have the trial court make a transcript or a reconstructed transcript of the proceedings approved by the trial judge; therefore, we must assume that the judgment was correct and supported by the evidence") (citations and punctuation omitted).

12

court has plenary control of its judgments, orders, and decrees during the term at which they are rendered, and may amend, correct, modify, or supplement them, for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate them, as may, in its discretion seem necessary.

(Citation and punctuation omitted.) *Lemcon USA Corp. v. Icon Technology Consulting*, 301 Ga. 888, 891 (804 SE2d 347) (2017).[14] *Piggly Wiggly Southern v. McCook*, 216 Ga. App. 335, 337 (1) (454 SE2d 203) (1995) ("It has always been the rule in this State that where a judgment is not based on the verdict of a jury, but is the act of the judge, it is in the breast of the court during the term in which it is rendered, and in the exercise of a sound discretion[ ]the judge may set it aside"). "[A] trial

_____

[14] Outside of the term of court in which a judgment has been entered, it may be set aside only for one of three reasons:

(1) Lack of jurisdiction over the person or the subject matter;

(2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or

(3) A nonamendable defect which appears upon the face of the record or pleadings.

OCGA § 9-11-60 (d).

13

court's discretion to set aside a judgment during the term it was entered is not without limits, and should be exercised for some meritorious reason," and it is within the trial court's discretion to determine whether the movant has established what amounts to "a meritorious reason." *Pope v. Pope*, 277 Ga. 333, 334 (588 SE2d 736) (2003) (noting the trial court's plenary powers to "set aside the judgment for irregularity, or because it was improvidently or inadvertently entered and for the purpose of promoting justice") (footnotes and punctuation omitted). See also *Bridgestone/Firestone North American Tire v. Jenkins*, 261 Ga. App. 20, 21 (2) (582 SE2d 9) (2003) (The "court may exercise its discretion for meritorious reasons to set aside a judgment within the same term of court") (citations and punctuation omitted).

Nevertheless, "whenever a motion is made to vacate a judgment, even during the term at which the same was rendered, the movant must allege and prove some reason good in law why he had failed to make his defense at the time required." (Citation and punctuation omitted.) *Davison-Paxon Co. v. Burkart,* 92 Ga. App. 80, 83 (88 SE2d 39) (1955). The impetus is on "[t]he party moving to set aside [to] present facts so that the court can determine for itself whether, if the verdict and judgment were set aside, the result might be different on the next trial." (Citation and

14

punctuation omitted.) *Daniels v. Burson*, 257 Ga. App. 318, 321 (1) (571 SE2d 184) (2002). And,

> [a]lthough the judge "retains a plenary control over his judgments and orders during the term at which they are rendered . . . , that rule was never intended to authorize the judge to set aside a judgment duly and regularly entered unless some meritorious reason is given therefor . . . . [T]he power of control even during the term should be exercised only upon sufficient cause shown and where the matter appeals to an exercise of sound legal discretion.

(Citations and punctuation omitted.) *Holcomb v. Trax, Inc.*, 138 Ga. App. 105, 107 (225 SE2d 468) (1976). Thus, the court's discretion, although broad, is not unbounded." (Citation and punctuation omitted.) *Buice v. State*, 272 Ga. 323, 325 (528 SE2d 788) (2000). This Court may reverse that discretion if it is manifestly abused. *Pope*, 277 Ga. at 334.

Here, Brewer bore the initial burden of proof to establish his damages at the hearing presided over by the trial judge following entry of the default judgment. See *Cotto Law Group LLC v. Benevidez*, 362 Ga. App. 850, 854 (1) (870 SE2d 472) (2022) (following default "the claimant [still] bears the burden of showing the amount of the loss, and of showing it in such a way that the trier may calculate the amount from the figures furnished") (citation and punctuation omitted). As recited in the

15

default judgment order, the first judge "heard the testimony of live witnesses regarding past and future damages and reviewed copious amounts of evidence presented including photographs of the injuries at issue and medical records and bills associated with [Brewer's] injuries," found that the injuries were permanent, and using a "statutory annuity and mortality table" assessed damages based on Brewer's life expectancy of an additional 55 years.

In contrast, as the movant seeking to set aside the default judgment, Samsung had the burden of proof to show "sufficient cause" for the trial court's finding of a meritorious reason to set aside the judgment. (Emphasis omitted.) *Holcomb*, 138 Ga. App. at 107. See *Davison-Paxon Co.,* 92 Ga. App. 80, 83 (88 SE2d 39) (1955) (holding that, in moving to set aside judgment, "the movant must allege and prove" some reason ); *Daniels*, 257 Ga. App. at 321 (1) (stating in relevant part that "[t]he party moving to set aside must present facts").

In its order granting the motion to set aside, the trial court stated that it "agree[d] with Samsung that reconsideration of the damages award is a sufficiently meritorious reason to set aside the judgment." However, the trial court concluded that there was a meritorious reason to set aside the judgment based on the *incomplete record on damages* before it, including the lack of a hearing transcript. But in other

16

contexts, we have construed the lack of a complete record against the party who has the burden of showing error in the prior ruling. Accord *Thomas v. Alligood*, 358 Ga. App. 703, 710 (2) (a) (856 SE2d 80) (2021) (noting that "an appellant has the burden of proving trial court error by the appellate record, and must compile a complete record of what transpired in the trial court."); *Hayle v. Ingram*, 363 Ga. App. 657, 660 (1) (872 SE2d 310) (2022) (same). And we see no reason why the same rule should not apply in this unique context, where one judge is asked to set aside the judgment entered by different judge. Accordingly, the trial court erred by construing the lack of a complete record against Brewer, thereby improperly shifting the burden of proof from Samsung to Brewer at this stage of the proceedings.

Because the trial court improperly shifted the burden of proof from Samsung to Brewer by construing the incomplete record against Brewer rather than Samsung, we vacate the order granting Samsung's motion to set aside the default judgment and remand the case to the trial court for it to reconsider Samsung's motion under the proper legal standard and clarify whether Samsung met its burden of proof to show cause for the trial court to find a meritorious basis to set aside the default judgment. See *Dept. of Transp. v. Thompson*, 354 Ga. App. 200, 207 (1) (840 SE2d 679) (2020) (vacating the trial court's order on a motion to dismiss and remanding for

17

reconsideration of the motion where the trial court improperly shifted the burden of proof to the defendant). We offer no opinion as to how the trial court should exercise its discretion upon the application of the proper legal standard.

2. Given the vacatur and remand of this case for the reconsideration of Samsung's motion to set aside the default judgment, we need not consider Brewer's remaining enumeration of alleged error.

*Case No. A23A0453*

3. Upon the trial court's grant of Samsung's motion to set aside the default judgment, Samsung filed a subsequent motion to open default. The trial court denied the motion, and, following Samsung's application for interlocutory review and grant thereof, Samsung appeals from that order. However, because we have vacated and remanded the case granting Samsung's motion to set aside the default judgment to the trial court for reconsideration, the default cannot be opened without first setting aside that judgment. See *Granite Loan Solutions*, 334 Ga. App. at 307 (3) (noting that because the trial court declined to set the judgment aside, the court had "no occasion to reach the question of opening the default). Thus, this Court's consideration of the trial court denial of Samsung's motion to open default is premature at this time.

18

*Judgment vacated and remanded with direction in A23A0453; case dismissed in A23A0452. Dillard, P. J., and Senior Appellate Judge Herbert E. Phipps, concur.*